## JAMES I. MOORE ET AL. V. WACO BUILDING ASSOCIATION.

### No. 719. Decided November 14, 1898.

**1. Mandamus—Court of Civil Appeals—Conclusions of Fact.**

An application to the Supreme Court for a mandamus to compel the Court of Civil Appeals to make additional findings of fact, comes too late when made after refusal of writ of error. (P. 266.)

**2. Same—Incomplete Findings.**

The Court of Civil Appeals, in making its findings of fact, exercises a discretion conferred upon it, in determining what findings are necessary, which the Supreme Court can not control by mandamus. (P. 266.)

**3. Same—Remedy.**

Such court can not, however, change the record as made in the trial court by their findings or omissions. The party aggrieved by error or omission, except so far as concluded by their findings on conflicting testimony, may correct the same, in his petition for writ of error, by reference to the transcript. (Pp. 266, 267.)

**4. Same—Conclusions—Evidence.**

The Supreme Court can not require by mandamus the Court of Civil Appeals to state upon what evidence they base a certain finding of fact. (P. 267.)

ORIGINAL APPLICATION to the Supreme Court for writ of mandamus to the Court of Civil Appeals for the Third District.

*W. W. Evans* and *Chas. A. Jennings,* for applicants.

GAINES, CHIEF JUSTICE.—At a former day of this term the relators in this proceeding applied to this court for a writ of error to the Court of Civil Appeals for the Third Supreme Judicial District to revise a judgment of that court, which affirmed a judgment of the trial court in favor of the Waco Building Association against them. The application was refused. Notwithstanding the refusal of the writ, the applicants for the writ of error now apply to this court for a mandamus to compel the Court of Civil Appeals to find additional conclusions of fact. The petition for the writ of mandamus must be denied.

1. In the first place, the petition for the writ comes too late. If a mandamus had been proper and our attention had been called to the fact by a request for time, we would have delayed action upon the application for the writ of error until the petition for the writ of mandamus had been filed and disposed of. We see no sufficient excuse for delaying the proceeding until the application for the writ of error was refused.

2. It may occur that a seeming hardship is imposed upon an applicant for a writ of error by what he may conceive to be the incomplete or erroneous findings of the Court of Civil Appeals. But we have ruled that we can give him no relief by a writ of mandamus. It is the duty of that court in a case in which this court has jurisdiction to grant a writ of error, to file conclusions of fact and law at the request of the party who desires to apply for the writ. In case they should wholly fail to perform that duty, it would be proper to compel performance by a writ of mandamus. But the preparation of "the conclusions of fact and law" calls for the exercise of the judgment and discretion of the court. One court might consider that a very brief statement of a case in an opinion is all that is necessary to disclose a point which, in its judgment, is necessarily decisive of the case. Another might conclude that the same case would require a very full and elaborate statement of their conclusions upon all the points.

We can not direct the Court of Civil Appeals what they shall write; nor say upon petition for a writ of mandamus that their conclusions are not sufficiently full and command them to file additional conclusions. They have a discretion in the matter and this court can not control that discretion. Such is the law; but if it were not the law, we should hesitate long before we would countenance a practice productive of the confusion and delay which would necessarily ensue from it and which would result in no substantial good. Railway v. Douglass, 87 Texas, 297.

When the applicant for a writ of error may deem the statement of the case made by the Court of Civil Appeals deficient or erroneous, he is not without a remedy. The Court of Civil Appeals can not, by an imperfect or erroneous statement of the record, change the case or make a new one. They have power, when the evidence is conflicting, to say that a finding of the trial court or of the jury is against the great weight

of the evidence and to set it aside. Their action in that particular is conclusive upon us. In all other respects, we must try the case when it comes to us upon the record made in the trial court, provided the applicant in his petition shows, by reference to the transcript of the trial court, that the statement made by the Court of Civil Appeals or their conclusions of fact, are either imperfect, inaccurate, or erroneous.

3. But if we had power to require the Court of Civil Appeals to revise its findings of fact and to find additional conclusions, we could not grant the relief prayed for in this case. For example, we are asked to compel the appellate court to state upon what evidence, as shown by the record, they base a certain conclusion of fact. Clearly it was not the duty of that court to do this. The other findings which we are asked to compel the court to make, are of the like character.

It is the practice of this court to consider a petition for a mandamus before ordering citation to issue, and to dismiss it without process, provided we are clearly of opinion that it should not be granted. Hume v. Schintz, 90 Texas, 72. We think it clear that the petition in question fails to make a case for the grant of the writ of mandamus and it is therefore dismissed.

*Application dismissed.*