Texas & Pacific Railway Company v. Eugene Sherrod et al.

No. 1487.  Decided December 7, 1905.

**1.—Pleading—Damages to Shipment of Cattle.**

An allegation that by negligent handling of a shipment of cattle, consisting of bulls, cows, two-year-olds and yearlings, 100 were killed, worth $15 per head at their destination, was sufficient as against a special exception that the petition failed to state the number of cattle dead of each class and the value of each class.  (Pp. 384, 385.)

**2.—Same—Evidence—Value.**

There was no error in excluding the evidence of a witness as to the respective value of the different classes of cattle dying from injuries received in shipment where the witness was asked and had qualified himself to speak only of values at the place where the shipment originated, and not at the destination. (P. 385.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Wichita County.

Sherrod and others sued the railway company for injury to cattle in their transportation, and recovered judgment which was affirmed on appeal by defendant, who then obtained writ of error.

*Montgomery & Hughes,* for plaintiff in error.—Where a plaintiff seeks to recover damages for the loss of cattle, consisting of various ages and classes, and of different values, and simply alleges the average value at a certain price, it is error to overrule a special exception alleging the insufficiency of same on the grounds that the petition fails to allege the number of dead cattle in each class, and the value of each class of cattle, especially where there are no allegations which show that plaintiff is unable to make his allegations more specific.  Schneider & Davis v. Ferguson, 77 Texas, 572; Beck v. Avondino, 82 Texas, 314; Houston, E. & W. T. Ry. Co. v. Seale, 67 S. W. Rep., 437.

When in a suit for loss of and damage to cattle, the plaintiff introduces a witness, who only a few days before the alleged injury to the cattle, sold a part of the cattle, and the witness testifies that the cattle consisted of cattle of various classes, and that he had sold them for about $10.00 per head counting all, and the evidence in the case shows that many of the cattle killed or injured were yearlings and calves, it is error upon cross-examination to refuse to permit the witness to testify as to the relative values as to the several classes of cattle, where the only objection made is that the testimony is immaterial.  That no objection can be urged on appeal except those made below.  Waller v. Leonard, 89 Texas, 507; Wheeler v. Tyler & S. E. Ry. Co., 91 Texas, 356; Grinnan v. Rousseau, 48 S. W., 781.

It is only the duty of a railway company to use ordinary care to transport cattle in a reasonable time, considering the character of the property and its liability to injury, and it is error for the court to authorize by its charge, the recovery of damages by a shipper if the cattle were damaged by reason of the negligence of the carrier "in promptly and properly transmitting such cattle."  International & G. N. Ry. Co. v. Young, 72 S. W. Rep., 68.

It is only the duty of a carrier to use ordinary care to receive, transport and deliver freight, including live stock, in a reasonable time considering the character of property and other circumstances, and it is error for the court to instruct the jury that the carrier was responsible and liable for any damages that may have occurred to the property, after it was tendered to the carrier, provided the damage was occasioned on account of the failure of the carrier to receive and promptly transport the property, provided the failure to receive and transport properly was negligence. International & G. N. Ry. Co. v. Young, 72 S. W. Rep., 68.

The charge referred to is erroneous because it authorizes the jury to find damages for a failure to promptly forward the cattle, whether such failure was negligence or not, if the failure to receive them was negligence.

*Robert E.* and *Charles C. Huff,* for defendants in error.—The defendants in error having pleaded that the cattle shipped were stock cattle and that the market value of the cattle at Stanton, Texas, was $15.00 per head, it was not within the power of the plaintiff in error or the trial court to require them by special exception to put a different market value on the cattle which they knew were worth $15.00 per head on the Stanton market and so alleged. Missouri P. Ry. Co. v. Edwards, 78 Texas, 310.

It having been conclusively shown that the cattle in this shipment had a market value at point of destination and what that market value was, the value (not market value) then becoming immaterial and the proposed testimony which was to show the relative value of the cattle (not the market value) was correctly excluded as being immaterial.

The entire record shows that the proposed testimony of the witness, Wyatt, referred to the relative values of the cattle at the point of origin, Wichita Falls, Texas, and not point of destination, Stanton, Texas, and was, therefore, properly excluded as being immaterial, the testimony conclusively showing that the cattle had a market value at Stanton, and what that market value was.

Whether or not one paragraph of the court's charge is erroneous depends upon the charge considered in its entirety with reference to the state of facts proven and where the proof of negligence is conclusive and uncontradicted, it then devolves upon the party challenging the correctness of the charge to show that it is injured thereby. Missouri, K. & T. Ry. Co. v. Wright, 37 S. W. Rep., 57.

Where the charge of the court made it clear to the jury that in order to fix liability upon a railroad company the jury must first find that the railroad company was negligent and correctly defined negligence, the use of the word "promptly" in its charge on the measure of damage is not cause for reversal of the judgment, when the jury were required to find negligence upon the part of the railroad company, before they could consider the matter of damages at all. Western U. Tel. Co. v. Motley, 87 Texas, 38; International & G. N. Ry. Co. v. Hawes, 54 S. W., 326; Tel. Co. v. Waller, 12 Texas Ct. Rep., 14.

The court required the jury to find that plaintiff in error was negligent, both in receiving and forwarding the cattle and the charge could

not, therefore, be confusing or misleading to the jury, negligence having been correctly defined in the charge. Western U. Tel. Co. v. Motley, 87 Texas, 38; International & G. N. Ry. Co. v. Hawes, 54 S. W., 326; Galveston, H. & S. A. Ry. Co. v. Delahunty, 53 Texas, 206.

The charge when considered and construed in its entirety and in connection with special instructions given, made plaintiff in error's liability depend entirely and solely upon its being negligent and the word "promptly" could not have misled the jury. Same authorities.

Under the facts no other verdict than for defendants in error could have been rendered by the jury and there being no conflict in the testimony as to the negligence of the plaintiff in error and its negligence having been fully and clearly shown, the charge of the court, if error, was an immaterial error and should not cause a reversal of the case. Same authorities.

The defendants in error proved conclusively that the cattle were delivered or tendered to the plaintiff in error in good condition and then showed the long delay of more than 80 hours and by so doing established a prima facie case of negligence on the part of the plaintiff in error, which required proof from it to explain the apparent negligence, Western U. Tel. Co. v. Bouchell, 67 S. W., 159; Missouri Pac. Ry. Co. v. Scott, 26 S. W., 239.

GAINES, CHIEF JUSTICE.—The defendants in error brought this suit against the plaintiff in error and the Fort Worth & Denver Railway Company to recover damages for loss of some and injuries to others of certain cattle which were shipped by them from Wichita Falls to Fort Worth and thence over the road of the plaintiff in error to Stanton, Texas. Upon the trial the jury gave a verdict in favor of the Fort Worth & Denver City Railway Company and against the Texas & Pacific Railway Company, from which the latter appealed to the Court of Civil Appeals. The judgment having been affirmed by that court, this writ of error was sued out to reverse it.

The questions here presented require no extended statement either of the pleadings or the evidence.

The first assignment of error is that the court erred in overruling a special exception to the petition. To show the point we take the statement in support of the assignment from the plaintiff in error's original brief: "The plaintiff's petition shows that the cattle shipped consisted of bulls, cows, two-year-olds, yearlings, and calves, but does not show the number of each. That 100 head were killed or died from their injuries. There is no allegation as to the kind or class of cattle that died, except one Hereford cow and calf, not included in the 100 head above referred to. The allegation as to the value of the 100 head is that they would have been worth at Stanton, if properly shipped, $15.00 per head. The special exception referred to in the assignment was as follows: 'Defendant specially excepts to said petition insofar as it seeks to recover damages for dead cattle and says the same is unsufficient in that it fails to state the number of cattle dead of each class and the value of each class.'" We think the assignment shows no error. The allegation that the cattle, if properly carried, would have been worth at Stanton (the place of destination) "if properly shipped,

$15.00 per head," is equivalent to saying that each of them would have been worth $15.00. If such was the fact we see no reason why the plaintiff should specify how many of the cattle lost belonged to each class. (Missouri Pac. Ry. Co. v. Edwards, 78 Texas, 310.) The allegations were quite as specific in this case as in the case cited, in which the petition was held good against a similar exception.

The next assignment is to the action of the court in excluding certain testimony of one Wiley Wyatt, offered by the plaintiff in error. The following extract from the bill of exceptions shows the point: "The plaintiff introduced as a witness Wiley Wyatt, who testified that he just a few days before the cattle in controversy were shipped, sold to the plaintiff a part of the cattle in controversy and that they consisted of stock cattle and some bulls and that there were some young calves and that he sold them for about ten dollars per head, counting the calves, on three years' time. Thereupon upon cross-examination the counsel for the Texas & Pac. Ry. Co., defendant, asked the witness this question: 'Do you know the relative values of cows, yearlings and calves last year.' The plaintiff's counsel objected because the same was immaterial, and the court sustained the objection and refused to permit the witness to answer the question. The attorney for the defendant Texas & Pac. Ry. Co. then stated to the court that he expected the said witness to answer the said question in the affirmative, and that he desired and expected to further show by the said witness that young calves were not worth more than one-third as much as cows and that yearlings were not worth more than half as much." If the plaintiff in error had offered to show by the witness the relative value of cows, calves and yearlings at Stanton, to which place the cattle were shipped, we think the testimony should have been admitted. So if the offer had been to show that the witness knew the market value generally throughout a large scope of country embracing Stanton, and that in general cows were worth more than calves and yearlings in such territory, we incline to think the testimony would have been material as tending to rebut the testimony of the plaintiffs that each class at Stanton were worth $15.00 per head. There is nothing in the bill of exceptions to show that the witness knew the market value of cattle at any place except at the initial point of the carriage, near which place he had sold defendants in error a part of the cattle. Presumably he was testifying as to his knowledge of the value of cattle there. For the reason that the plaintiff in error did not offer to prove that the witness knew the relative value of cattle of the different classes at Stanton or generally in some territory embracing that place, we think that he failed to connect the proposed testimony so as to make it material, and that therefore the court did not err in its ruling.

In reference to the complaints of the charge of court found in the plaintiff in error's other assignments, it is sufficient to say that the charge fully and correctly submitted to the jury the issues made by the pleadings and evidence; and that in our opinion the particular language in the charge of which complaint is made was in no manner calculated to mislead the jury to the prejudice of the plaintiff in error.

The judgments of the district court and of the Court of Civil Appeals are affirmed.                                          *Affirmed.*