### KINSELLA v. RIESENBERG et al.

(Supreme Court, Appellate Division, First Department. February 21, 1908.)

1. MASTER AND SERVANT—INJURIES TO SERVANT—COMPLAINT.

In an action by a servant against a master to recover for personal injuries, the complaint, alleging "that defendants, their agents, servants, or employés, so carelessly and negligently conducted themselves in the management, charge, care, and control of one of the wagons of the defendants, which was under the control and used * * * by plaintiff, who was ordered to drive said wagon, * * * that the same collapsed," was insufficient, in that defendants are entitled to know what negligence was claimed by plaintiff to have caused it to collapse.

2. DAMAGES—PERSONAL INJURIES—COMPLAINT.

In an action for personal injuries, an allegation that plaintiff was caused to suffer a fracture to his right arm and "severe injuries to his back and side" was insufficient as to the latter injuries, in that it failed to state their nature.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, § 410.]

Appeal from Special Term.

Action by Thomas J. Kinsella against Adolph Riesenberg and others. From an order denying part of defendants' motion for a bill of particulars, they appeal. Modified and affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGH-LIN, CLARKE, and HOUGHTON, JJ.

Frank V. Johnson (William L. O'Brien, of counsel), for appellants.

CLARKE, J. This is an appeal from so much of an order as denies defendants' motion for a bill of particulars. The action is by a servant against a master to recover for personal injuries. The complaint alleges that:

"The defendants, their agents, servants, or employés, so carelessly and negligently conducted themselves in the management, charge, care, and control of one of the wagons of the defendants, which was under the control and used in the course of their business by the plaintiff herein, who was ordered to drive said wagon, * * * that the same collapsed, * * * causing the plaintiff to be precipitated to the ground and seriously injured and contused."

Information is asked wherein the defendants, their agents, etc., so carelessly and negligently conducted themselves that the wagon collapsed. The defendants are entitled to know what the plaintiff claims was the negligence which caused the wagon to collapse. The complaint fails to indicate in any manner what was the trouble with the wagon. The plaintiff was its driver, and in a position to know what happened—whether the axle broke, the wheel came off, or the bottom dropped out, and so whose neglect was responsible therefor. He should state his claim, so that defendants may be advised of what they have to meet. He is not required to disclose evidence, but to amplify his pleading. Causuello v. Lenox Construction Co., 106 App. Div. 575, 94 N. Y. Supp. 639; Dwyer v. Slattery, 118 App. Div. 345, 103 N. Y. Supp. 433; Waller v. Degnon Construction Co., 120 App. Div. 389, 105 N. Y. Supp. 203.

He alleges, as to his injuries, that he was caused to suffer a fracture to his right arm and "severe injuries to his back and side." Defendants are entitled to know what injuries to his back and side are complained of.

Therefore the order should be modified by requiring the particulars indicated, and, as so·modified, affirmed, with costs to appellant to abide the event. All concur.