Ft. Worth & Denver City Railway Company v. Mattie
Morrison.

Decided December 1, 1909.

**Personal Injury—Pleading—Demurrer.**

While a general allegation that plaintiff's body was bruised in a railway wreck would be sufficient, in the absence of demurrer or on general one only, to admit evidence of bruises to the arms and limbs, it was error to overrule special exceptions to such allegations and admit such evidence.

Appeal from the District Court of Clay County.    Tried below before Hon. A. H. Carrigan.

*Spoonts, Thompson & Barwise, Allen & Jones, P. A. Martin, R. E. Taylor* and *J. E. Chambers,* for appellant.

*Bell & Milam,* for appellee.

FISHER, Chief Justice.—This is a suit by appellee for the recovery of damages on account of physical injuries received by her while a passenger on appellant's train, caused by a derailment of the car in which she was riding, as a result of alleged negligence on the part of appellant.    Verdict and judgment were in appellee's favor for $1000.    The railroad appeals.

Appellant's third assignment of error is to the effect that the court erred in overruling defendant's special exception, as contained in the third paragraph of its original answer.    The exception is as follows: "Defendant specially excepts to that part of plaintiff's petition wherein it is alleged that plaintiff was bruised about the body, because said allegation is too general and is vague, indefinite and uncertain, and does not inform the defendant what injuries are intended to be alleged nor their nature nor location upon the body."    The allegation of negligence contained in the petition is as follows: "That as the direct result of the aforesaid defaults and acts of negligence on the part of the agents, servants and employes of the defendant, plaintiff was very badly bruised about the right eye, was cut about the head and bruised about the body; that one of her front teeth was broken off near to the gum; that she received permanent and internal injuries, from which she has not and will not recover."

In connection with this assignment will also be considered the first assignment of error, which complains of the action of the trial court, over the objection of the appellant, in permitting the plaintiff to testify that as a result of the wreck she had received very bad bruises on her arm and on her lower limbs.    The objection to this evidence was that such injuries were not alleged.    The allegation of injuries to the body, while very general, might be sufficient, in the absence of a special demurrer, to let in evidence of injury to the arms and limbs.    Texas & P. Ry. v. Sherrod, 99 Texas, 385; Gulf, C. & S. F. Ry. v. McMannewitz, 70 Texas, 78; Missouri, K. & T. Ry. v. Mayfield, 29 Texas Civ. App., 477, 68 S. W., 809; International & G. N. R.

R. v. Bibolet, 24 Texas Civ. App., 4, 57 S. W., 975; St. Louis & S. W. Ry. Co. v. Kelton, 28 Texas Civ. App., 137, 66 S. W., 887; Missouri, K. & T. Ry. Co. v. Walden, 46 S. W., 88; Houston Electric Ry. v. McDade, 34 Texas Civ. App., 497, 79 S. W., 100. This question was directly passed upon in the Bibolet case and in the Kelton case above referred to. In the Bibolet case a writ of error was refused, and the point there decided is fully explained in the Kelton case. It was held that an allegation of injury to the effect that the body was bruised and battered, in the absence of a special exception, was sufficient to admit proof of injury to the arm, although there were allegations in the petition of specific injuries. But the intimation contained in the cases cited is to the effect that if a special exception had been urged it should have been sustained, but a direct decision upon this question is the case of San Antonio & A. P. Ry. Co. v. Adams, 6 Texas Civ. App., 102, 24 S. W., 841, which is to the effect that while evidence would be admissible under such a broad allegation of injury, it would not have been admissible if the question had been raised by a special exception, and that if a special exception was interposed it would be error for the court to overrule it. Further cases bearing upon this subject are: Missouri, K. & T. Ry. Co. v. Cook, 8 Texas Civ. App., 376; Receivers v. Cook, 86 Texas, 632, and Southern Pac. Ry. Co. v. Martin, 98 Texas, 322, 83 S. W., 657.

What we have just said might also apply to the question raised in the second assignment of error if it should arise upon another trial, but as to that we do not make it reversible error, because there does not seem to have been any evidence offered of internal injuries received by the plaintiff.

The trial court erred in not sustaining the special exception pointed out. The judgment is reversed and the cause remanded.

*Reversed and remanded.*