[Civ. No. 6021. First Appellate District, Division One.—December 23, 1927.]

J. P. SANTOS et al., Respondents, v. R. E. SCHARZ, Appellant.

Cooley & Gallagher for Appellant.

John W. Sullivan for Respondents.

PARKER, J., *pro tem.*—This is an action brought by J. P. Santos and Mary Santos, his wife, for damages alleged to have been sustained by them as the result of an automobile collision.

The case was tried by the court sitting without a jury. Judgment went for plaintiffs, and thereafter the court de-

nied defendant's motion for a new trial. Defendant appeals from the judgment.

Errors relied upon by appellant are embraced in five specifications.

1. The court erred in its order overruling the demurrer of defendant to the complaint of plaintiffs.

The complaint alleges that the automobile of defendant violently struck and injured plaintiff Mary Santos, causing her to be violently thrown to the hard pavement of the ground, rendering her unconscious, and causing her to be bruised and injured about her body, black and blue marks being inflicted upon the hip and left leg and across the hips and lower back, and bruises being inflicted on the head, and so injured her physically that a miscarriage was caused, and as a result thereof "the said unborn child passed from her body and died, and as a result plaintiffs lost said unborn child."

Defendant, by special demurrer based upon the ground of uncertainty, complained of the allegations just quoted upon the ground "said complaint is uncertain in that it cannot be ascertained therefrom how Mary Santos was so injured physically that a miscarriage was caused," and "said complaint is uncertain in that it cannot be ascertained therefrom what alleged injuries or injury caused any alleged unborn child to be lost by plaintiff."

Summarizing the allegation assailed it states therein that plaintiff Mary Santos was thrown violently to the hard pavement of the ground, causing her to be injured about the body, evidenced by black and blue spots across the hips and lower back and was so injured physically that a miscarriage resulted. We deem the allegation sufficiently certain. The allegations must be read as a connected whole. It would go beyond the requirements of good pleading to insist that a minute and anatomically accurate detail of the effect on each organ of the body be set forth. It is a matter of common knowledge that a result such as is here alleged would be intimately associated with any violent injury to the body and particularly the portions of the body described. Appellant cites the following cases in support of his contention: *Fort Worth Ry.* v. *Morrison,* 58 Tex. Civ. App. 74 [123 S. W. 212]; *San Antonio Ry. Co.* v. *Adams,* 6 Tex.

Civ. App. 102 [24 S. W. 839]; *Shadock* v. *Alpine Plank-Road Co.,* 79 Mich. 7 [44 N. W. 158]; *Kinsella* v. *Risenberg,* 124 App. Div. 322 [108 N. Y. Supp. 876].

The cases cited have little, if any, application to the instant case. The principle announced in each of these cases, however, is that the allegations should fairly inform the defendant what he is charged with. The general rule is cited in Cyc., volume 29, page 569, as follows: ''The nature of injuries should be stated with as much reasonable certainty as their character and nature permit so as to advise the opposite party what character of proof to expect and what the extent of injuries and basis of injuries were.'' Appellant cites many cases and bases his argument upon a line of authority from other jurisdictions to the effect that if a plaintiff alleges his injuries as bruises and cuts he cannot prove the loss of a limb. We might accept these authorities and still be far afield in the present inquiry. We have been cited to no authority, nor do we think any can be found, wherein a pleader, after setting forth that his injury consisted of a fractured limb, would be required to go further and allege just exactly how the entire anatomical structure was affected to bring about that result. As indicated, we find no merit in appellant's point.

Appellant states that there were other specifications of uncertainty but that he does not deem it necessary to mention each one of those specifications as they are all based upon the same argument, and that if he is correct in one he is correct in all. Therefore we see no necessity of further discussing the alleged errors in the court's ruling on the demurrer.

■ 2. A witness Albertson was called by plaintiff to prove the extent of damage suffered by reason of injury to the automobile of plaintiffs. This witness testified that the cost of necessary repairs to the automobile was sixty-five dollars. Defendant objected to this line of testimony, and upon its admission promptly moved to strike it out, which motion was denied. The court allowed plaintiff for damage to the automobile accordingly the sum of sixty-five dollars. It is defendant's contention here that the proper measure of damages is the difference in the value of the automobile immediately before and after the injury. This is the accepted measure of damages, with the proviso, however, if

the injury be capable of repair at an expense less than the diminution in value of the property as injured, the damage is limited to the cost of making such repair (*Kincaid* v. *Dunn*, 26 Cal. App. 686 [148 Pac. 235]; *Rhodes* v. *Firestone Tire & Rubber Co.*, 51 Cal. App. 569, 573 [197 Pac. 392]). Here there was a complete lack of evidence even remotely tending to show what was the diminution in value, if any. However it is fair to assume that an automobile injured as the evidence shows this one to have been would have suffered some damage, and we cannot arbitrarily assume that the diminution in value was of a lesser amount. In *Rhodes* v. *Firestone Tire & Rubber Co.*, *supra*, the court says: "Whether or not the plaintiff was actuated in presenting her proof by an erroneous idea of the proper measure of damages to apply is not important. For if the amount of the repair bill considered alone was not the true and exclusive measure to apply in the ascertainment of the damages plaintiff had suffered, it was incumbent upon defendant to have offered proof showing that the diminution in value on account of the injury would be less than the cost of such repairs, thus limiting the damages to a sum not greater than such diminution in value."

In cases of this sort, under the rule it is necessary to show the cost of repair. Otherwise, how could it be determined whether or not the diminution in value was less than the cost of repair. Plaintiff did show the repair cost and stopped. Defendant offered no testimony on the subject. We are content to accept the rule announced in *Rhodes* v. *Firestone Tire & Rubber Co.*, *supra*.

3. Insufficiency of the evidence to justify the decision or judgment.

■ Appellant urges that there is no evidence showing that the condition of Mrs. Santos, plaintiff, was brought about by the accident. In other words, no connection is shown between the miscarriage and the injuries received.

The law does not require demonstration. The evidence shows that plaintiff, Mrs. Santos, though not a robust person, was enjoying good health, free from pain or aches of any sort and for her type normal; that in the accident she was thrown violently to the pavement and rendered unconscious; that thereby she was bruised and hurt about the

body, particularly the legs, back, and abdomen; that immediately thereafter great quantities of blood passed from her body, and in two days an unborn child was aborted, the foetus being in a stage of development approximated as two months. The testimony of a duly qualified physician, called by plaintiffs, on this subject is as follows: "I am not trying to speak of her general condition. I am trying to tell you the miscarriage, that what other trouble she had had nothing to do in this case; that the injury was the only thing that had to do with the miscarriage condition, or at least was enough to produce it."

The subject is of a delicate nature and requires no further detail. The facts shown clearly indicate the sufficiency of the evidence to support the decision and judgment on the point.

■ The next contention of appellant in his attack upon the sufficiency of the evidence is that there is no evidence at all showing or from which may be inferred any negligence on the part of defendant. It is urged that the evidence discloses the fact of a collision and nothing more. It is the claim of appellant that the mere happening of an accident such as this does not afford the slightest evidence that either party was negligent, and that the presumption is that defendant's automobile was being driven in a lawful manner and free from negligence, and this presumption prevails unless it is controverted by other evidence.

Appellant contents himself with this declaration of legal principles, and nowhere in his brief or in any supplement thereto do we find any of the evidence presented. Hence, we are entitled to assume that there was evidence sufficient to support the finding of defendant's negligence (*Dahlberg* v. *Dahlberg*, 202 Cal. 295 [260 Pac. 290]; *Jeffords* v. *Young*, 197 Cal. 224, 229 [239 Pac. 1054]; *Estate of Berry*, 195 Cal. 354 [233 Pac. 330]). We have, however, examined the typewritten transcript and find sufficient evidence to support the judgment.

■ Appellant's next claim of error is predicated upon the trial court's finding on the issue of contributory negligence. He contends that the finding on that issue is indefinite and unintelligible.

The finding on the issue reads as follows: "That said Mary Santos was not careless or negligent in or about the matters or things in her complaint set forth, and that said carelessness or negligence, or any carelessness or any negligence did not consist in part, or did not exist at all, or consist at all, in that she negligently drove or operated, and or did not negligently drive or operate an automobile over and across the intersection of Trimble road and the Oakland highway, or without the exercise of ordinary care for her own safety or protection, or that said negligence, or any negligence, or any negligence of Mary Santos was a proximate cause or any cause of the damage or collision complained of."

The finding was drawn evidently to controvert the allegations of the answer wherein the contributing negligence of plaintiff was set up. Some ambiguity usually results from the so-called "and or" method of denial, but on the whole we think the finding sufficiently definite as to preclude any justification for a reversal of the judgment on the ground set forth.

Lastly, appellant asserts that the plaintiff Mary Santos was guilty of contributory negligence which was a proximate cause of the collision complained of. Appellant claims that the testimony of plaintiff shows that she had stopped her car for a brief period of approximately fifteen seconds before entering the intersection wherein the collision occurred; that before starting her automobile she did not first see that such movement could be made in safety, and she did not give any signal plainly visible to the driver of defendant's car of any intention to start her automobile, and in fact gave no signal of any kind.

Passing entirely the question of the length of time the car was stopped, and the fact that the time of delay was used by plaintiff in looking for passing vehicles to insure her safe crossing, we may concede that her failure to signal did constitute a violation of section 130 of the Motor Vehicle Act, which section reads as follows: "The driver of any vehicle upon a public highway, before turning or stopping such vehicle, shall first see that such movement can be made in safety, and if it cannot be made in safety shall wait until it can be made in safety; then, if the operation of

any other vehicle may reasonably be affected by such movement, the driver shall give a signal plainly visible to the driver of such other vehicle of the intention to make such movement.'' The weak point of appellant's argument is that he fails to connect up, even in the slightest degree, this negligence of plaintiff with the defendant or with the collision. Appellant, who was the driver of the automobile which collided with plaintiff Mary Santos, testified that he first saw her car about 125 feet from the point of impact, at which time he himself was 200 feet from the said point of impact. When appellant first saw the car of plaintiff Mary Santos she was traveling at the rate of fifteen miles per hour and he was looking right at her and she never stopped until the collision. The wife of appellant gave like testimony. From this it is obvious that any negligence of the plaintiff Mary Santos in failing to give a signal before starting could not under the circumstances have contributed in any way to the collision.

There is abundant evidence to show that plaintiff Mary Santos stopped her car before entering the intersection for the express purpose of determining whether or not she could proceed in safety, and that when she entered the intersection the car of appellant was distant some 1,100 feet. The testimony of plaintiff Mary Santos likewise was to the effect that her automobile was partially off the intersecting highway when struck, and that at the time she was driving approximately at a speed of fifteen miles per hour.

Appellant by a process of mathematical deduction argues that the physical conditions almost demonstrate the negligence of plaintiff. However, as is usual in such cases, the argument, instead of resulting in a demonstration, only serves to sharpen the conflict. We cannot say from an examination of the entire record, even beyond the point urged by appellant, that plaintiff Mary Santos was guilty of contributory negligence as a matter of law.

It is to be observed that we have made no attempt to include herein all of the facts. To do so would add nothing to the present opinion, nor could a detail of further facts in any way illustrate the points involved. Such facts as are important to the contentions of appellant have been cited,

and these are the only facts presented by appellant as necessary to the points he makes.

The judgment is affirmed.

Knight, Acting P. J., and Cashin, J., concurred.