**SOUTH PLAINS COACHES, Inc., v. BEHR-INGER. (No. 2947.)**

Court of Civil Appeals of Texas. Amarillo. Jan. 18, 1928.

Rehearing Denied March 4, 1928.

1. **Pleading** 216(2)—**In considering exceptions urged against sufficiency of allegations of negligence and injuries in petition, facts set up in supplemental petition cannot be considered (District and County Court Rules 1–15).**

In considering effect of exceptions urged against sufficiency of allegations of negligence and injuries in petition, facts set up in supplemental petition cannot be taken into consideration, since under Rules prescribed for District and County Courts No. 1–15, inclusive, plaintiff must in original petition or amendment thereof state all facts on which cause of action is founded, and office of supplemental petition as defined by rules is to reply to last preceding pleading of the opposite party.

2. **Carriers** 314(3)—**Petition in action by bus passenger for injuries sufficiently charged negligence in operating bus in violation of statutes (Pen. Code 1925, arts. 789, 790, 793, 794, 799, 801, 813).**

Petition in action for personal injuries sustained by bus passenger in collision with automobile *held* to sufficiently charge negligence in operating bus in violation of Pen. Code 1925, arts. 789, 793, relating to rate of speed, articles 790, 794, relating to careless driving, article 799, relating to defective brakes, article 813 requiring chauffeurs of such vehicles to be licensed, and article 801 defining law of road.

3. **Pleading** 12—**General allegation is sufficient as to matters peculiarly within knowledge of defendant.**

As to facts alleged to constitute negligence which are peculiarly within knowledge of defendant, general allegation is sufficient.

---

©⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Damages** ⚖️=158(1)—Generally, personal injuries must be specifically alleged and evidence of other injuries is not permissible unless they are natural and proximate result thereof.

General rule is that personal injuries must be specifically alleged, and that evidence of other injuries is not admissible unless they are natural and proximate result of injuries alleged.

**5. Damages** ⚖️=158(1)—Allegation that plaintiff's head was badly cut, bruised, and scalped held insufficient to admit testimony regarding fracture of skull and bone over eye.

Allegation that plaintiff's head was badly cut, bruised, and scalped, and that such injuries crazed and dazed him and he was unconscious for some period thereafter, and that an operation was necessary to be performed on his head and sew back his scalp, *held* not sufficient to admit testimony to effect that there was fracture of skull and bone over one eye.

**6. Damages** ⚖️=158(1)—Allegation that plaintiff's head was cut, bruised, and scalped held insufficient to base hypothetical question regarding concussion of brain resulting.

Allegation that plaintiff's head was badly cut, bruised, and scalped, and that such injuries crazed and dazed him and he was unconscious for some period thereafter, and that an operation was necessary to be performed on his head and sew back his scalp, *held* not sufficient on which to base hypothetical question propounded to doctor by which it was attempted to show that concussion of brain would probably result from injuries, since fracture of skull and concussion of brain do not naturally, necessarily, and proximately result from cuts and bruises of head and from being scalped.

**7. Damages** ⚖️=158(1)—Allegations that plaintiff's body was bruised and injured held too general to admit of proof of injuries not elsewhere specifically alleged.

Allegation that plaintiff's body was bruised and injured, without stating nature and location on body of such injuries, *held* too general to admit of proof of injuries not elsewhere specifically set out.

**8. Damages** ⚖️=158(7)—Allegation that ligaments and nerves of plaintiff's head, neck, and shoulders were permanently injured held sufficient to admit evidence of such injuries.

Allegation that ligaments and nerves of plaintiff's head, neck, and shoulders were seriously and permanently injured *held* sufficient as against exceptions urged, and under allegation any serious and permanent injury to ligaments and nerves of plaintiff's head, neck, and shoulders was admissible.

**9. Estoppel** ⚖️=9—Jury's finding that bus passenger's release of claim for damages for injuries was void did not bind defendant's insurer not party to suit.

Jury's finding that release executed to defendant bus company's insurer and defendant of claims for damages for injuries sustained in bus collision was void did not bind insurer not party to suit.

**10. Parties** ⚖️=31—In action by bus passenger for injuries, bus company's insurer to whom plaintiff executed release of claim for damages and assigned rights of action against others held not necessary party, and plea in abatement based on release was properly overruled.

In action by bus passenger for injuries sustained in collision between bus and an automobile, defendant bus company's insurer, to whom plaintiff had executed release of claim for damages against both bus company and insurer and assigned rights of action against persons responsible for damages, was not necessary party since it could not sue defendant, and plaintiff's possible cause of action against others was not involved, and court correctly overruled plea in abatement based on release.

**11. Damages** ⚖️=141—Plaintiff suing for personal injuries need not allege measure of damages.

In action by bus passenger for personal injuries sustained in collision between bus and automobile, it was not necessary for plaintiff to allege measure of damages.

**12. Appeal and error** ⚖️=1060(1)—In bus passenger's action for injuries, plaintiff's attorney's statement in argument, that if jury said plaintiff knew import of release he signed plaintiff would lose case, held reversible error.

In action by bus passenger for personal injuries sustained in collision between bus and automobile, in which defendant pleaded release of claims for damages, plaintiff's attorney's statement, in arguing case to jury, while discussing written release and assignment, that "if you say that man (the plaintiff) did know full import of what he was signing then we lose case," where plaintiff claimed he did not know full import of release he signed, *held* to constitute reversible error.

**13. Damages** ⚖️=63—Where plaintiff asked damages for medical bills, court properly refused to credit amount paid plaintiff for same on damages found by jury for personal injuries.

Where bus passenger sued for damages for medical, doctor's, and hospital bills in sum of $350, which item was settled for $150, and also claimed damages on account of personal injuries, payment of the $150 did not affect plaintiff's right to recover by reason of personal injuries alleged, and court properly refused to credit such amount on the $3,000 damages found by jury for personal injuries.

**14. Damages** ⚖️=144—Plaintiff's allegations in suit for personal injuries regarding loss of earnings held not sufficiently specific.

In action by bus passenger for personal injuries, plaintiff's allegations with reference to loss of his earnings *held* not sufficiently specific, where he did not allege what time had been lost nor amount due him by reason of such loss.

**15. Appeal and error** ⚖️=742(5)—Proposition under assignments of error that court erred in refusing to give defendant's requested charges of certain numbers held insufficient.

Assignments of error regarding refused instructions brought forward in brief as proposi-

---

⚖️=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tions stating "court erred in refusing to give defendant's special requested charge No. ———" *held* not sufficiently briefed to entitle them to consideration.

**16. Appeal and error ⬅⟹730(1)—Assignments of error predicated on court's refusing requested charges should specifically set out error complained of.**

Assignments of error predicated on action of court in refusing requested charges should specifically set out error complained of.

**17. Appeal and error ⬅⟹730(1)—Assignments of error to refusal of charges must point out error and show charges were not covered by general charge and were justified by evidence.**

Assignments of error to refusal of special charges must point out error and show that requested charges were not covered by general charge and were justified by evidence.

Appeal from District Court, Lubbock County; Clark M. Mullican, Judge.

Action by A. A. Behringer against the South Plains Coaches, Inc. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

John H. Awtry, of Dallas, and Lockhart & Garrard and F. D. Brown, all of Lubbock, for appellant.

Vickers & Campbell and Walter F. Schenck, all of Lubbock, for appellee.

HALL, C. J. The appellee, Behringer, instituted this suit against appellant company to recover damages resulting to him while a passenger upon one of appellant's interurban busses, occasioned by a collision en route between the bus and a Chevrolet car driven by third parties. The collision occurred upon a public highway at night.

The case was submitted to a jury upon special issues and resulted in a verdict and judgment in appellee's favor in the sum of $3,000, with interest and costs.

On account of numerous contentions attacking the sufficiency of plaintiff's allegations of negligence and damages, it is necessary to set out the facts stated in the petition relative to these contentions, which we do, as follows:

"On the occasion when he was injured, the defendant negligently and carelessly operated and drove said automobile or coach in which plaintiff was riding at a dangerous and negligent rate of speed of 35 miles and more per hour on an average, and when on the highway, passing another automobile, driven in the opposite direction, such car was being run at a rate of speed exceeding 35 miles per hour, and the driver thereof negligently collided or caused to be collided said coach with another automobile, and threw the coach or automobile into the ditch, and plaintiff was seriously and permanently injured as the direct and proximate result of such negligence. He further

shows: That the brakes or steering wheel of the coach of the defendant was defective and was not sufficient to control the movements of said car to stop it and get it under control when necessary, and that this said negligence was the direct and proximate cause of the injuries sustained by plaintiff. * * * That the driver of the automobile he was riding in was negligent and careless in the operation of same and never operated it with safety for the plaintiff. That said driver never properly observed the law of the road. He never had his car under control when meeting and passing automobiles traveling in an opposite direction. That said driver was unacquainted with the conditions of said road or else negligently violated same. That he was without a proper license as a chauffeur to operate said car and this with the knowledge of the defendant. He never had brought his car under control when meeting and passing said automobile he collided with. * * * And at the time the car in which he was riding was violently driven into a ditch or gully by the side of the highway with great force and violence, and he was thrown from the rear seat of said coach or automobile over the other seats therein and through the windshield head foremost, and as a result his head was badly cut and bruised and scalped. Such injuries crazed and dazed him, and he was unconscious for some period thereafter. His body was bruised and injured, and the ligaments and nerves of his head, neck, and shoulders were seriously and permanently injured. As a result, a considerable amount of blood was lost and a surgical operation was necessary to be performed on his head and sew back his scalp. His head is disfigured as well as his forehead, and he is seriously and permanently injured and has suffered and sustained actual damages in the sum of $10,000," etc.

By a second amended original answer, the defendant pleaded for the first time in abatement an instrument in writing signed by the plaintiff on November 19, 1926, which is as follows:

"Receipt is hereby acknowledged from the American Fidelity & Casualty Company, Inc., Richmond, Va., of the sum of amount to cover hospital and doctor bills to date of dismissal from Lubbock Sanitarium, in full settlement and final discharge of any and all claims or demands by reason of damage, loss or injury which heretofore has been or which hereafter may be sustained by A. A. Behringer, in consequence of an accident occurring on or about the 18th day of November, 1926, releasing said American Fidelity & Casualty Company, Inc., of Richmond, Va., and South Plains Coaches, Inc., from all further liability. And in further consideration of said sum of money to me in hand paid in settlement aforesaid and pursuant to the terms and conditions of the policy of the assured, I do hereby assign, make over, subrogate, and transfer to the said American Fidelity & Casualty Company, Inc., of Richmond, Va., all claims, rights, and choses in action which I now have or which I may hereafter have against any and all persons lawfully responsible for the damage, personal or property, on or about the date aforesaid."

---

⬅⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

This instrument is witnessed by M. C. Overton and C. W. Jones.

Following the plea in abatement, the answer contains numerous exceptions which will be hereinafter considered, a general denial, and a plea of accord and satisfaction as evidenced by the foregoing instrument. It is further alleged that the injury resulted by reason of the negligence of the driver of the Chevrolet automobile with which defendant's bus collided, and by reason of the negligence of the driver of a certain wagon which was parked on the road at the time and place of the accident. It is further alleged that the injuries resulted from an unavoidable accident for which the defendant is in no way responsible.

The plaintiff filed a supplemental petition, in which he more specifically set out the grounds of negligence and described his injuries.

[1] In considering the effect of the exceptions referred to, urged against the sufficiency of the allegations of negligence and injuries in the petition, the facts set up in the supplemental petition cannot be taken into consideration. Under the rules prescribed for the district and county court numbered 1 to 15 inclusive, the plaintiff must, in his original petition or in some amendment thereof, state all the facts upon which his cause of action is founded, and in considering the effect of a demurrer, the sufficiency of such allegations cannot be aided by additional facts set up in a supplemental petition, because the office of a supplemental petition, as defined by the rules, is to reply to the last preceding pleading of the opposite party. Crescent Ins. Co. v. Camp, 64 Tex. 521; Glenn v. Dallas County Bois D'Arc Island Levee District, 114 Tex. 325, 268 S. W. 452; Schaff v. Perdue (Tex. Civ. App.) 254 S. W. 151; First State Bank of Terrell v. Rice (Tex. Civ. App.) 251 S. W. 284; Gossett v. Vaughan (Tex. Civ. App.) 173 S. W. 933.

In response to the special issues submitted, the jury found: (1) That the driver of the autobus was guilty of negligence immediately preceding and at the time of the accident; (2) that such negligence was the proximate cause of the accident; (3) that the collision was not due to an unavoidable accident; (4) that at the time the plaintiff signed the written release and transfer he was incapable of understanding its nature and effect; (5) that the attorney representing the defendant who secured his signature thereto did not misrepresent to plaintiff the nature and effect of the instrument; and (6) that as a result of the accident, plaintiff has suffered damages in the sum of $3,000.

The charge was not objected to because the court failed to submit the several alleged acts of negligence separately. The statement of facts contains 138 closely written pages, and we are not required to read it in order to determine which of the specific acts of negligence are supported by the evidence.

[2, 3] The Penal Code (1925) provides by articles 789 and 793 what the rate of speed of such vehicles upon the public highway shall be. Articles 790 and 794 relate to careless driving. Article 799 relates to defective brakes. Article 813 requires chauffeurs of such vehicles to be licensed, and article 801, in numerous subdivisions, defines the law of the road. It will be seen, in a general way, that the plaintiff's original petition alleges acts of negligence referable to some of these statutory requirements and inhibitions, and, as against the demurrers urged, we think the petition, in charging negligence in the several particulars set out therein, was sufficient. Some of the facts which are alleged to constitute negligence are allegations of matters peculiarly within the knowledge of the defendant, and, as to such facts, a general allegation is sufficient. Missouri-Pacific Ry. Co. v. Hennessey, 75 Tex. 155, 12 S. W. 608; Wilson Hydraulic Casing Pulling Machine Co. v. James (Tex. Civ. App.) 271 S. W. 424.

Several of the exceptions attack the petition because it fails to allege the nature, character, and extent of the plaintiff's injuries with sufficient definiteness and particularity.

[4] The general rule is that such injuries must be specifically alleged and that evidence of other injuries is not admissible unless they are the natural and proximate result of the injuries alleged. Gulf, C. & S. F. Ry. v. McMannewitz, 70 Tex. 73, 8 S. W. 66; T. & P. Ry. Co. v. Curry, 64 Tex. 85; Fort Worth & R. G. Ry. Co. v. White (Tex. Civ. App.) 51 S. W. 855; Mo. Pac. Ry. v. Mitchell, 72 Tex. 171, 10 S. W. 411.

[5, 6] The allegation that plaintiff's head was badly cut, bruised and scalped and that such injuries crazed and dazed him and he was unconscious for some period thereafter, and that an operation was necessary to be performed on his head and sew back his scalp, are not sufficient to admit testimony elicited from three witnesses to the effect that there was a fracture of the skull and bone over one eye, nor was it sufficient upon which to base the hypothetical question propounded to one doctor by which it was attempted to show that concussion of the brain would probably result from the injuries, since fracture of the skull and concussion of the brain do not naturally, necessarily, and proximately result from cuts and bruises of the head and from being scalped. These injuries imply surface injuries which would not necessarily result in a fracture of the skull. So. Pac. Co. v. Martin, 98 Tex. 322, 83 S. W. 676; Dallas Consolidated Elec. St. Ry. Co. v. McAllister, 41 Tex. Civ. App. 131, 90 S. W. 933; Dallas Consol. Electric St. R. Co. v. Hardy (Tex. Civ. App.) 86 S. W. 1053; Dallas Consol. Electric St. Ry. Co. v. Ison, 37 Tex. Civ. App.

219, 83 S. W. 408; Suderman & Dolson v. Woodruff, 47 Tex. Civ. App. 229, 105 S. W. 217.

[7] We think the court erred in admitting this testimony. That part of the petition which alleges that his body was bruised and injured, without stating the nature and location on the body of such injuries, was subject to the exception and is too general to admit of proof of injuries not elsewhere specifically set out. Fort Worth & D. C. Ry. Co. v. Morrison, 58 Tex. Civ. App. 74, 123 S. W. 212.

[8] The allegations that the ligaments and nerves of his head, neck, and shoulders were seriously and permanently injured is sufficient as against the exceptions urged, and under the allegation any serious and permanent injury to the ligaments and nerves of his head, neck, and shoulders would be admissible. This disposes of numerous propositions presented urging error as to the court's rulings upon numerous exceptions and the admission of testimony relative to the acts of negligence and injuries alleged.

Under several propositions, it is insisted that because of the written release and assignment to the Fidelity & Casualty Company, Inc., that said company is a necessary party to the suit and that the defendant's plea in abatement, based upon said writing, should have been sustained. There is no ambiguity apparent in the writing, and none arises by reason of the evidence introduced relating to it.

The first paragraph is a receipt for the amount necessary to cover hospital and doctor's bills, and recites that it is in full settlement of any and all claims for damages or injury sustained by Behringer, in consequence of the accident, and releases the defendant and the Fidelity & Casualty Company, Inc., from liability. In the second paragraph, the plaintiff simply assigns to the Fidelity & Casualty Company all claims, rights and choses in action which he may have against any person who is responsible for his injuries.

[9, 10] Construing the instrument reasonably and as a whole, its effect is to release the very damages claimed in this suit against the defendant, and an assignment to the Fidelity & Casualty Company of any right of action he might have against the driver of the Chevrolet car, with which the motorbus collided, or the driver of the wagons, which were parked upon the roadside, or the driver of the motorbus. It does not purport to release his right of action against the last-named parties, because it specifically states that he is releasing the liability of the Fidelity & Casualty Company and the defendant in the suit. It would be an unreasonable construction of the last paragraph to say that he was transferring to the Fidelity & Casualty Company his cause of action against it and the defendant, after having previously released them from liability. Since the Fidelity &

Casualty Company was not a party to this action, a settlement of the cause of action asserted herein must be construed to be only a settlement of his suit against the defendant and the American Fidelity & Casualty Company, which, it appears from the record, had insured the defendant against such damages. If it is valid, as a release, of course he could not maintain an action against either of these parties. The jury said it was void, but this does not bind the Fidelity & Casualty Company since it is not a party to the suit. We conclude that the Fidelity & Casualty Company was not a necessary party. The reason of the rule which requires all necessary parties to be made parties plaintiff or defendant is to avoid a multiplicity of suits and settle the controversy as to all parties in one action. The defendant cannot complain of this failure to make the Fidelity & Casualty Company a party because the Fidelity & Casualty Company could not sue defendant after a judgment rendered in this action for either party. Since the plaintiff's possible cause of action against the driver of the bus, the Chevrolet car, or the wagons is not involved in this suit, certainly the Fidelity & Casualty Company is not a necessary party hereto. We therefore think the court correctly overruled the plea in abatement.

[11] It is not necessary for the plaintiff to allege the measure of his damages. Settegast v. Foley Bros. Dry Goods Co. (Tex. Civ. App.) 297 S. W. 677; Cummings v. Nix (Tex. Civ. App.) 279 S. W. 484; Ara v. Rutland (Tex. Civ. App.) 172 S. W. 993.

[12] One of the attorneys for plaintiff, in arguing the case to the jury, while discussing the written release and assignment, used the following language: "If you say that man (the plaintiff) did know the full import of what he was signing, then we lose the case." We think this constitutes reversible error. Rowley v. Braly (Tex. Civ. App.) 286 S. W. 241. Since this error will probably not occur upon another trial, it will not be further discussed.

[13] It is also insisted that the court erred in not crediting the $3,000 damages found by the jury with the amount of $150, which the defendant had paid as hospital bills. We overrule this contention. The plaintiff sued for damages for medical, doctor's, and hospital bills in the sum of $350. This was a separate item of damages from that claimed on account of the personal injuries. Since this item was settled for $150, it was no longer an issue in the case, but its payment in no way affected the plaintiff's right to recover by reason of the personal injuries alleged and should not have been credited upon the amount of the verdict as rendered.

[14] Plaintiff's allegations with reference to the loss of his earnings were probably not sufficiently specific as against the exceptions urged, since he did not allege what time had

been lost nor the amount due him by reason of such loss.

[15] Under several propositions, it is insisted that the court erred in refusing special requested charges. The assignments of error are brought forward in the brief as propositions, the following being typical of all five propositions urged: "The court erred in refusing to give defendant's special requested charge No. 1." Nowhere in the statement or argument following these propositions are the requested charges set out either in substance or in hæc verba. These alleged errors are therefore not sufficiently briefed to entitle them to consideration.

[16] Assignments of error predicated upon the action of the court in refusing requested charges should specifically set out the error complained of. Moore v. Waco Building Ass'n, 92 Tex. 265, 47 S. W. 716; Clarendon Land, etc., Co. v. McClelland Bros., 86 Tex. 179, 23 S. W. 576, 1100, 22 L. R. A. 105; Lemp v. Armengol, 86 Tex. 690, 26 S. W. 941; Wilson v. Simpson, 68 Tex. 313, 4 S. W. 839; Blake v. Fire Ins. Co., 67 Tex. 160, 2 S. W. 368, 60 Am. Rep. 15; Mo. Pac. Ry. Co. v. James (Tex. Sup.) 10 S. W. 332; Mitchell v. Robinson (Tex. Civ. App.) 136 S. W. 501; Funk v. Miller (Tex. Civ. App.) 142 S. W. 24; Ford Motor Co. v. Freeman (Tex. Civ. App.) 168 S. W. 80; Goggan & Bro. v. Goggan (Tex. Civ. App.) 146 S. W. 968.

[17] Assignments of error to the refusal of special charges must point out the error and show that the requested charges were not covered by the general charge and were justified by the evidence. Chicago, etc., Ry. Co. v. Trout (Tex. Civ. App.) 152 S. W. 1137.

For the reasons stated, the judgment is reversed and the cause remanded.