### S. B. Burnett v. E. M. Powell.

### No. 169.

**1. Application for Writ of Error.**

The law contemplates and requires that " the petition (for writ of error) shall be accompanied with a certified copy of the conclusions of law and of fact filed in the cause by the Court of Civil Appeals with the opinion thereof." It further requires: "After a cause is decided in the Court of Civil Appeals, a conclusion of the facts and law of the case shall be filed in said cause within thirty days after the decision of the same." Without such exhibit a writ of error will not be allowed. 383

**2. Same—Practice.**

The case was postponed for thirty days to enable the applicant to secure action by the Court of Civil Appeals on his motion to have filed conclusions of law and facts.............................................. 383

**3. Mandamus to Court of Civil Appeals.**

On application for mandamus to the Court of Civil Appeals to compel the filing of conclusions of fact and law in case decided by it, the Supreme Court, as in other cases. will examine the application in order to determine whether it discloses a case which would justify upon the hearing a peremptory writ........................................ 384

**4. Filing Conclusions of Fact and Law.**

The statute does not impose upon the judges of the Courts of Civil Appeals the duty of filing conclusions of fact and of law in cases over which their jurisdiction is final; as in a case of boundary............ 384

**5. Same.**

The opinion of the Court of Civil Appeals that the case is one of bound-ary is conclusive on the Supreme Court, in absence of facts showing otherwise.    If the applicant had accompanied his application with a copy of the statement of facts, certified from the transcript in the Court of Civil Appeals, or with extracts from that statement duly cer-tified, showing that this is not simply a boundary case, the ruling would have been different ........................................... 385

**6. Same—Practice.**

When application is made to the Court of Civil Appeals to file conclu-sions of fact and law, and the court declines to accede to the request, upon the ground that no writ of error lies to their judgment, and the nature of the case is not such as to make it apparent that their juris-diction is final, it is a useful rule to file with the petition for writ of error a statement of the character of the controversy. and of the issues involved. with sufficient fulness of detail to enable this court to deter-mine whether it has power to grant a writ of error in the event appli-cation should be made........................................... 385

APPLICATION FOR WRIT OF ERROR to Court of Civil Appeals for Second District, in an appeal from Wichita County.

*W. W. Flood* and *W. G. Eustis*, for application.

STAYTON, CHIEF JUSTICE.—The application for writ of error shows that this cause was disposed of by a Court of Civil Appeals without a written opinion, and that no conclusions of fact and law have been filed in that court.   It further shows that the failure in this respect was one of the grounds of a motion for rehearing, but it does not show that the court was otherwise requested to make and file such conclusions.

The law contemplates and requires that " the petition shall be accom-panied with a certified copy of the conclusions of law and fact filed in the cause by the Court of Civil Appeals with the opinion thereof."

It further requires:   "After a cause is decided in the Court of Civil Appeals, a conclusion of the facts and law of the case shall be filed in said cause within thirty days after the decision of the same " in all cases in which writ of error will lie to the Supreme Court.

The application shows such a case as this court would have jurisdiction over, but as it does not comply with the statutes, the writ of error can not now be granted.

If the cause be in fact one in which writ of error will lie, it is the right of applicant to have conclusions of fact and law made out and filed in the Court of Civil Appeals, and he is not without remedy to enforce this right.

That he may have opportunity to take steps to secure the making and filing of conclusions of law and fact, and thus be enabled to so amend his

application as to enable this court to determine, through the means prescribed by law, his right to a writ of error, further action on the application will be postponed for a period of thirty days.

Delivered January 11, 1894.

ON FINAL HEARING.

GAINES, ASSOCIATE JUSTICE.—This application for a writ of error was held insufficient upon a former day of the term, upon the ground that it was not accompanied by a transcript of the conclusions of law and fact of the Court of Civil Appeals; but action upon it was suspended, so as to enable the applicant to take steps to procure the preparation and filing of such conclusions by that court, and to enable himself so to amend his application as to conform to the statute.

An amended application has been filed, which is accompanied by an additional transcript from the Court of Civil Appeals, showing a second motion in that court, requesting that their conclusions of law and fact be filed, an order overruling that motion, and an opinion by the court, setting forth the reasons why the motion was refused.

The amended application contains a prayer for a writ of mandamus to the Court of Civil Appeals, directing that court to prepare and file their conclusions of fact and law as required by the statute.

It has been our practice upon petitions for a mandamus, before issuing process commanding the respondents to show cause, to examine the application, in order to determine whether or not it discloses a case which would justify, upon the hearing, a peremptory writ. In conformity with that procedure, we have examined the petition in this case, and are of the opinion that it is not sufficient to warrant the relief for which it prays.

We concur with the Court of Civil Appeals in holding that the statute does not impose upon them the duty of filing conclusions of fact and law in cases over which their jurisdiction is final. The statute which defines the duty expressly provides, that "it shall not be necessary to file said conclusions in cases in which no writ of error will lie to the Supreme Court; but where a cause is reversed, then the court shall file the reasons for reversing the same." Laws 1892, p. 31.

The opinion of the Court of Civil Appeals, which accompanies the amended application, and which was delivered upon disposing of the second request to file their conclusions, shows that the ground upon which the request was denied was that this is a case of boundary, and that its decision was therefore final. Laws 1892, p. 26.

Now, while it is true that whether an action to try title to land resolves itself into a boundary case or not, is a question of law, and that the determination of that question may be reviewed by this court upon an application or upon a petition for a mandamus to compel the filing of

conclusions of fact and law; yet when the court holds that it is a boundary case, and the facts stated in its opinion upon the question do not show to the contrary, we are bound by that ruling, in the absence of some additional facts appearing in the application which tend to show that it is erroneous.

If the applicant had accompanied his application with a copy of the statement of facts, certified from the transcript in the Court of Civil Appeals, or with extracts from that statement, duly certified, sufficient to show that this is not simply a boundary case, our ruling would have been different.

When the statement of the case and the conclusions of fact filed by the Court of Civil Appeals, in the opinion of counsel, do not fully present the case, and it is deemed advisable to make that point in this court, it is proper to bring to this court with the application such portions of the record on file in the Court of Civil Appeals as may be deemed appropriate to support that contention. This procedure has been frequently resorted to by counsel in applying for writs of error, and has been uniformly treated by this court in passing upon such applications as a proper practice.

Before leaving this subject, we take occasion to say, that when an application is made to the Court of Civil Appeals to file their conclusions of fact and law, and they decline to accede to the request, upon the ground that no writ of error lies to their judgment, and the nature of the case is not such as to make it apparent that their jurisdiction is final, it is a useful rule to file a statement of the character of the controversy and of the issues involved, with sufficient fulness of detail to enable this court to determine whether or not it has power to grant a writ of error in the event application be made to it for that purpose.

In cases which have been brought in the County Court, or over which the County Court may have had jurisdiction, and in cases of slander and divorce, it would seem that a particular statement of their nature is unnecessary; but where the action is for the purpose of trying title to land, in the absence of some showing as to the issues developed upon the trial, it is impossible for this court to determine whether it is a case of boundary or not.

Our purpose in making these remarks is to suggest a proper practice, and not to imply that the statement contained in the opinion of the Court of Civil Appeals upon the motion of the applicant to file conclusions of fact and law is in any manner insufficient.

Applicant's petition for mandamus is refused; and his amended application for a writ of error now disclosing that this is a case of boundary, the application is dismissed for want of jurisdiction.

Delivered February 1, 1894.