**SPARK et al. v. LASATER et al.**   (No. 6603.)

.(Court of Civil Appeals of Texas.   San Antonio.   June 2, 1921.)

**Appeal and error**  ⊜⇒479(1)—**Injunction will not be issued to suspend execution pending appeal by party unable to give supersedeas bond.**

Though the purchaser, against whom judgment had been rendered on vendor's lien notes, and who had appealed therefrom, with cost bond only, was financially unable to give a supersedeas bond, that fact does not authorize the Court of Civil Appeals to grant an injunction against the execution of the judgment pending the appeal.   •

Appeal from District Court, Jim Wells County; Hood Boone, Judge.

Suit by George Spark and another against Ed. C. Lasater and others to cancel purchase-money notes secured by vendor's lien. Judgment for defendants, and plaintiffs appeal. On application by plaintiffs for an injunction restraining the execution of the judgment rendered in another suit. Injunction denied.

See, also, 232 S. W. 345.

J. W. Wilson, of Falfurrias, and Perkins & Floyd and C. C. Forry, all of Alice, for appellants.

Terrell, Davis, Huff & McMillan, of San Antonio, for appellees.

FLY, C. J. Appellants seek an injunction in a case on file in this court, which they appealed from Jim Wells county, in which suit they represent that judgment was rendered against them on January 15, 1921. That suit is now pending in this court, and an injunction is sought from this court to restrain the execution of a judgment against them in another suit, dated March 24, 1921, in which Ed. C. Lasater was plaintiff, and George Spark and his wife, Mabel C. Spark, were defendants. They represent that they instituted this suit in Jim Wells county to cancel certain notes given by them to appellee as purchase money of certain lands on the ground of their execution having been procured through the fraudulent representations of appellee. The court rendered a judgment for appellee, denying the relief sought by them. Appellee did not file a cross-action and seek a judgment on his notes, but merely defended against the charge of fraud and the prayer for cancellation of his notes.

Before this case was tried, however, appellee instituted suit in Bexar county on 10 promissory notes, the same sought to be canceled in Jim Wells county, which had been executed as the purchase money of certain land, and which were payable in Bexar county. No effort was made to abate the suit on account of the former suit pending in Jim Wells county, but appellants merely sought an injunction from the Bexar county district court to restrain the trial of the suit. The record from Bexar county has not yet reached this court, but it appears from the application for an injunction (232 S. W. 345) that appellants have appealed that case on a cost bond merely, and seek to excuse their failure to supersede the judgment of the Bexar county district court by a plea of inability to give a supersedeas bond.

The way provided in the statutes for the suspension of the execution of a judgment while an appeal is pending is through a supersedeas bond executed, as required, by the party appealing. That bond must be in a sum at least double the amount of the judgment, interest, and costs. Rev. Stats. art. 2101. That bond is an entirely adequate legal

remedy for the prevention of the issuance of an execution and the sale of property during the pendency of an appeal, and the inability of an appellant to give such bond would present no ground for the issuance of an injunction from an appellate court to protect its jurisdiction. If such a rule were established, the article in question might become a dead letter, and injunctions take the place of supersedeas bonds, on the affidavits of appellants that they were too poor to give a supersedeas bond.

If it had been deemed just and proper that judgments should be suspended by such an affidavit, provision would have been made for the granting of such suspension on a pauper's oath, as well as for appeals in the case of cost bonds. The law has made the concession to the poor to appeal upon proof of inability to give a cost bond; but it does not provide for suspension of execution of a judgment upon such affidavit and proof, and no such law will be put in effect by attempted judicial usurpation of legislative prerogatives by an appellate court, in the name and under the guise of preservation of its jurisdiction. That appellants are too poor to give a supersedeas bond is their misfortune, and might well excite sympathy, but cannot be made the basis for the destruction of a statute, and the assumption of powers not accorded the judiciary. To entitle appellants to an injunction from this court, restraining the execution of a judgment in the lower court, it was required of them to allege that they had given a supersedeas bond to bring the case before this court. Lee v. Broocks, 51 Tex. Civ. App. 344, 111 S. W. 778, in which writ of error was denied.

The injunction is denied.