## VINSON v. McPHERSON.

### No. 3918.

Court of Civil Appeals of Texas. Amarillo.

Nov. 23, 1932.

Forrester & Adkins, of Wheeler, for appellant.

A. C. Wood, of Wheeler, for appellee.

MARTIN, J.

Adrian Yates recovered judgment against appellant, G. W. Vinson, in a forcible entry and detainer suit in justice court and appellant gave notice of appeal. He attempted to prosecute this appeal in forma pauperis by making an oath of his inability to pay costs or give security therefor. The justice of the peace refused to send up the transcript upon this showing. Thereupon a mandamus proceeding was instituted against such justice of the peace, appellee herein, before the county court of Wheeler county. Upon a hearing the said county court, being of the opinion that an appeal could not be prose-cuted except by giving the statutory bond, rendered judgment against the appellant, from which he appeals.

Article 2457, R. S. (as amended by Acts 1931, c. 134, § 2 [Vernon's Ann. Civ. St. art. 2457]), authorizes an appeal from justice court to county court in the manner attempted in this case and which appellant claims is of controlling effect. The last mentioned article is set into and is a part of title 45, c. 6, relating generally to the appeal of ordinary cases from justice court. Forcible entry and detainer is made a special procedure and the various provisions relating thereto are a part of title 64, R. S. 1925, beginning with article 3973 and ending with article 3994. It is appellee's contention that article 3987 controls this case. This article reads as follows: "Either party may appeal from a final judgment in such case, to the county court of the county in which the judgment is rendered, by giving notice thereof in open court and by filing with the justice within five days after the rendition of said judgment, a bond to be approved by said justice, and payable to the adverse party, conditioned that he will prosecute his appeal with effect, or pay all costs and damages which may ·be adjudged against him; and no motion for a new trial shall be necessary to authorize such appeal."

██ It will be noted one of the conditions of the bond required in this character of cases is that appellant will pay all costs and damages which may be adjudged against him. There is no provision for an appeal in forcible entry and detainer cases based upon affidavit of inability to pay costs or give security therefor. The general rule is: "In the absence of express statutory provision, the fact of poverty or inability to procure sureties does not of itself relieve appellant or plaintiff in error from the necessity of giving an appeal bond or other security." 3 C. J. 1123.

Again it has been said: "Inability to give a bond presents no ground for the issuance of any injunction by an appellate court to protect its jurisdiction. If this were the case it is said that injunctions might take the place of supersedeas bonds or the affidavits of appellants that they were too poor to give bonds." 3 Tex. Jur. § 279; Spark v. Lasater (Tex. Civ. App.) 232 S. W. 346; see, also, 32 C. J. p. 311.

██ It was evidently the legislative intent in the enactment of article 3987, supra, to give protection to the winner in the justice court in a forcible entry and detainer case from any damages ensuing by reason of a delay occasioned by an appeal. In this sense this statute is somewhat akin to the statute providing for a supersedeas or injunction bond. The cases cited above are sufficient authority, if any were needed, to show that

in the last mentioned character of cases a bond may not be dispensed with by an affidavit of inability to give same. We are of the opinion that article 3987, being a special statute, controls and takes precedence over article 2457, as amended, which is of a general nature, and that, in the absence of express statutory authority therefor, no appeal may be had from an adverse judgment in a forcible entry and detainer case without giving the statutory bond, which is specially set out in article 3988, R. S. 1925. It has been held that a bond in substantial compliance with this statute is essential to give the appellate court jurisdiction. Ringgold v. Graham (Tex. Com. App.) 13 S.W.(2d) 355. The bond required by statute is always a condition precedent to the perfecting of an appeal. Logan v. Gay, 99 Tex. 603, 90 S. W. 861, 92 S. W. 255.

The judgment is affirmed.