### CLEVELAND et ux. v. ALPINE LUMBER CO.

#### No. 4155.

Court of Civil Appeals of Texas. El Paso.
March 17, 1934.

A. L. Brantley, of Alpine, for appellants.

PER CURIAM.

This is an original proceeding in this court brought by O. D. Cleveland and wife. The petition discloses the following:

On February 26, 1934, judgment was rendered by the district court of Brewster county in favor of Alpine Lumber Company against Cleveland and his wife for $4,544.85, with foreclosure of lien on realty. Motion for new trial by Cleveland and wife was overruled March 2, 1934, and notice of appeal to this court given. On March 10th Cleveland and wife filed their appeal bond, which was duly approved by the clerk. Thereafter order of sale upon said judgment was issued, and the property has been advertised for sale by the sheriff of Brewster county. The prayer is that this court grant an injunction or writ of prohibition, restraining the sale of the property until the appeal can be disposed of by this court.

There is no doubt of the power and jurisdiction of this court to issue such writs as may be necessary to enforce its jurisdiction. Article 1823, R. S.

The averments of the petition disclose that the jurisdiction of this court has attached; but they do not disclose whether the appeal bond given was a cost bond or supersedeas bond. If the appeal is by supersedeas, the bond suspended and stayed the execution of the judgment, and it was the duty of the clerk of the lower court to forthwith issue a supersedeas. Articles 2270 and 2275, R. S. If such be the nature of the bond and the clerk has refused to issue a supersedeas, this court, for the protection of its jurisdiction, could properly grant the relief prayed for herein. Houston, B. & T. Ry. Co. v. Hornberger (Tex. Civ. App.) 141 S. W. 311.

If the appeal was effected simply by cost bond, the judgment was not suspended, but execution might issue thereon as if the appeal had not been taken. Article 2268, R. S. In such case this court would not be authorized to grant the relief herein sought. Durham v. Scrivener (Tex. Civ. App.) 228 S. W. 282.

Being unable to determine whether the appeal was perfected by cost bond or supersedeas bond, it therefore follows the petitioners have not shown themselves entitled to the relief they seek. It is therefore unnecessary to set the petition for hearing and order process issued to the respondents to show cause. The petition should be summarily dismissed. Hume v. Schintz, 90 Tex. 72, 36 S. W. 429; Moore v. Waco, 92 Tex. 265, 47 S. W. 716; Herf v. James, 86 Tex. 230, 24 S. W. 396; Burnett v. Powell, 86 Tex. 382, 24 S. W. 788, 25 S. W. 17; Steele v. Goodrich, 87 Tex. 401, 28 S. W. 939; Raley v. Jones (Tex. Civ. App.) 25 S. W. 144.

In view of the uncertainty as to the true status of this appeal, the dismissal will be without prejudice. It is so ordered.