**HARRISON et al. v. BARNGROVER et al.**
**No. 2544.**

Court of Civil Appeals of Texas. Beaumont.
May 18, 1934.

See, also, 72 S.W.(2d) 971.

W. D. Gordon and E. E. Easterling, both of Beaumont, for appellants.

Shields & Johnson, of Houston, E. B. Pickett, Jr., of Liberty and Chas. T. Butler, D. E. O'Fiel and Orgain, Carroll & Bell, all of Beaumont, for appellees.

O'QUINN, Justice.

Appellants were plaintiffs below. Appellees were defendants. Plaintiffs sued seeking to recover the sum of $52,000, which said sum represents the value of certain oil to the amount of what is known as an overriding royalty of one twenty-fourth interest of the oil extracted from what is herein denominated as the Barngrover 35-acre lease located at Hull in Liberty county, Tex.

The Humble Oil & Refining Company was one of the defendants below and is one of the appellees here. It answered that it did not claim any interest in the land from which the oil was produced or in the lease by virtue of which the land was developed, but that it had been and was the purchaser of the oil so produced, and tendered the money in controversy into court as a stakeholder, and offered to pay same to the ones found by the court to be entitled thereto, and prayed for relief accordingly.

All parties plaintiffs and defendants duly appeared, and the defendants, having fully answered, announced ready for trial, and the cause was tried to a court without a jury, and judgment rendered for defendants that plaintiffs take nothing, and ordering the clerk of the court to pay the money deposited with said clerk to the defendants, adjudging the amount to be paid to each of said defendants. To this judgment the plaintiffs excepted and gave notice of appeal to this court and duly perfected their appeal by filing an appeal bond.

After perfecting said appeal and pending same, appellants filed with this court application for an injunction to restrain and prevent the clerk of the district court of Liberty county, where the case was tried and the judgment rendered, from paying the money in controversy over to the designated defendants appellees as ordered by said judgment, alleging that said clerk was proceeding to make such payments, and, among other things, further alleged:

"The record before Your Honors establishes the fact that said estate so involved in said litigation, and represented by the oil and mineral estate in said land converted into money, if allowed to be paid out to the several defendants, some of whom, as your appellants are informed and believe, and here thus declare the fact to be, are irresponsible financially to be made to return said money and property, if they be allowed to appropriate the same, and all of whom are in scattered sections of the country, at least one being at the present time in a distant state, and thus, in the event it be ruled and established in this Honorable Court, and in the Supreme Court of Texas, that the appellants are the owners of said property and estate, they will be deprived of the subject matter of this litigation and compelled to resort to doubtful procedure, by execution and otherwise, in an attempt to reassemble and repossess said estate.

"The order and judgment of said court has been appealed from to this Honorable Court, and it has exclusive jurisdiction thereover; and your applicants, appellants here, respectfully show that they have no remedy at law adequate to meet the situation above outlined, there being no provisions of law sufficient and adequate to enable the appellants to maintain the status quo other than by the aid of the equitable remedies herein sought at the hands of this court to maintain the status quo of the property and prevent its dissipation to said sundry appellees under

the order and judgment of the lower court which has been rendered ineffectual by the appeal to this court.

"Your applicants further represent that they are in good faith asserting their right, title and interest in said property, which up to the entry of said judgment was in the hands of a stake holder, to-wit, the Humble Oil & Refining Company as a purchaser of said oil, and who was abundantly solvent and responsible therefor when the issue of right and title thereto should be finally determined between the litigant claimants. That said Humble Oil & Refining Company having paid over said funds, the subject matter of this litigation, into the registry of the court, the same is lodged at the present time with the clerk of that court, a bonded official, to-wit, E. W. Pickett of Liberty, Texas. And your applicants respectfully show that some of the defendants, appellees here, are seeking to have him pay over said sums of money in advance of the final determination of the title and right thereto by this court; and, furthermore, the said clerk is threatening, unless restrained, to pay said sums of money out to said various and sundry persons, taking no further security than their naked receipts therefor. Thus, in the event of your applicants' sustaining their contention, that they are the owners thereof in this Honorable Court, the subject matter of this suit will have been dissipated as hereinbefore stated, to the various and sundry defendants, some of whom are as aforesaid unable to respond to judicial process ordering a repayment of this money so withdrawn from the registry of the court.

"Wherefore, because they have no adequate remedy for the wrong threatened to be done, as hereinbefore stated, they respectfully request Your Honors to issue immediately a temporary restraining order restraining the clerk, to-wit, E. W. Pickett, from distributing said subject matter of this litigation to the various and sundry persons to whom the lower court by its order provided the same should be paid; and that such order be kept in full force and effect until the matter can be further heard before Your Honors. To this end, in the event a hearing should be had on this motion for an injunction staying said threatened action, they pray that this matter be set down for hearing before the court at such time as may be convenient, and that notice thereof be given to the said clerk, and to the counsel representing all the appellees in this case, to-wit, D. E. O'Fiel, E. B. Pickett, W. E. Orgain, O. T. Butler and Shields & Johnson.

"For this relief, and such other as this motion may merit, your applicants pray be granted, and in order to obtain such relief your applicants tender such bond and security as may be required, as a condition to the granting of such relief by this Honorable Court."

The temporary injunction was granted August 19, 1933, and the matter set for hearing and appellees given notice to appear on September 27, 1933, and show cause, if they could, why said injunction should not remain in force and effect until the final determination of the case. Upon hearing, appellees appeared and answered denying that appellants were entitled to the relief sought, and prayed that the temporary injunction be dissolved.

It is insisted by appellees that appellants are not entitled to an injunction to prevent the clerk·of the district court from paying out the money in question as ordered by the court, but that appellants could suspend the execution of the judgment and order of the court and prevent the paying out of the money only by executing a supersedeas bond as required by article 2270 of the Revised Civil Statutes.

Appellants say that article 2270 and 2271, R. S., have no application to an action where the losing party has had no custody or possession of the property involved, but was suing to recover it from others having the custody and possession; in other words, that, as appellants were the losing parties in the judgment, the statutes providing for and requiring supersedeas bonds do not apply, they not having the custody or possession of the litigated property, that a supersedeas bond or writ for that which has never passed into the custody or possession of the appellants is not a requisite to maintain the status quo pending the appeal.

It is, in effect, further insisted by appellants:

(a) That, under the facts, no liability could arise against appellants upon a supersedeas bond executed by them, because an inspection of the conditions of a supersedeas bond required by articles 2270 and 2271 does not disclose any obligation imposed by them that could be decreed against appellants in the event judgment went against them in the appellate courts. This because, there being no judgment against them for any sum of money to be made out of their property by execution, the condition of a bond in double the sum involved, or in any sum fixed by the court, would have been abortive, and the further condition that appellants would perform the judgment, sentence, or decree, in the event

they lost on appeal, would be equally vain, because, in that event, the court could make no award against them other than for the costs on appeal, and that was protected by their cost bond on appeal. So they say the execution of a supersedeas bond by appellants, under the facts, would serve no lawful purpose, and therefore was not required.

(b) That the judgment was self-executing— did not require any further process of or order by the court to execute same—and that as to such judgments the statutes permitting the suspension of the execution by the filing of a supersedeas bond did not apply.

(c) That, as appellants were suing for the recovery of property not in their custody or possession, but in the custody and possession of another, holding same as stakeholder, and which property had been paid by the stakeholder into court for delivery to the persons adjudged to be entitled thereto, and the judgment being that appellants take nothing by their suit and ordering the clerk of the court to pay the funds to appellees, from which judgment appellants had appealed, thus bringing the entire controversy up to the appellate court for consideration, and as the clerk was proceeding to pay out the funds as per the judgment and order of the court, such payment of said funds would dissipate the value of the matter in litigation and render a judgment in the appellate court for appellants, if they should there win, probably worthless, and because of the situation an independent equity arose in favor of appellants entitling them to an injunction to preserve the status quo and hold the property involved subject to the final determination of the appellate court.

We think that under the statutes and decisions appellants' contentions must be overruled and that of appellees sustained; that is, that appellants can suspend the execution of the judgment pending the appeal only by the execution of a supersedeas bond.

Article 2249 of the Revised Civil Statutes amended by Acts 1927, c. 52, § 1 (Vernon's Ann. Civ. St. art. 2249) provides: "An appeal * * * may be taken to the Court of Civil Appeals from every final judgment of the district court in civil cases, and from every final judgment in the county court in civil cases of which the county court has original jurisdiction, and from every final judgment of the county court in civil cases in which the court has appellate jurisdiction, where the judgment or amount in controversy exceeds one hundred dollars exclusive of interest and costs."

Article 2268 provides that, where an appeal is perfected under articles 2265, 2266, or 2267 (by the giving of a cost bond or affidavit in lieu thereof), the execution of the judgment appealed from shall not be suspended, but that execution thereon shall issue as if no such appeal or writ of error had been taken.

Article 2270 provides that: "An appellant or plaintiff in error, desiring to suspend the execution of the judgment may do so by giving a good and sufficient bond to be approved by the clerk, payable to appellee or defendant in error, in a sum at least double the amount of the judgment, interest and costs, conditioned that such appellant or plaintiff in error shall prosecute his appeal or writ of error with effect; and in case the judgment of the Supreme Court or the Court of Civil Appeals shall be against him, he shall perform its judgment, sentence or decree, and pay all such damages as said court may award against him."

Article 2271 provides that: "Where the judgment is for the recovery of land or other property, the bond shall be further conditioned that the appellant or plaintiff in error shall, in case the judgment is affirmed, pay to the appellee or defendant in error the value of the rent or hire of such property in any suit which may be brought therefor."

Article 2275 provides that: "Upon the filing of a proper supersedeas bond, the appeal or writ of error shall be held to be perfected, and the execution of the judgment shall be stayed, and should execution have been issued thereon, the clerk shall forthwith issue a supersedeas."

In the case of Houtchens v. Mercer, 119 Tex. 431, 29 S.W.(2d) 1031, 1036, 69 A. L. R. 1103, the statutes set out supra and contentions the same as here urged by appellants were considered, and the court overruled said contentions, and held that the right to suspend the execution of a judgment pending appeal by giving a supersedeas bond applies to all judgments in civil cases, as well to those which are self-executing as to those requiring process to enforce them, "that our statutes relating to supersedeas bonds apply to every final judgment in a civil case." It is thus settled by our Supreme Court that the execution of a final judgment in every civil case appealed, pending the appeal, can be suspended only by the execution of a supersedeas bond by the appellant. There is no exception.

Appellants say: "The proposition is untenable that where neither property nor money is in the custody or possession, or under the

control or dominion of the party suing for it, but is in the custody, possession or control of adverse parties that the law requires that he should give a supersedeas bond for the purpose of retaining the custody, control and possession thereof. The law does not require an unsuccessful claimant to stand as guarantor of such property and funds in the hands and custody of his adversary, or of a custodian thereof against whom he is seeking relief. To do that is to impose a liability upon him and his bondsmen for the custody and control of funds and property of which he had no possession and over which he had no control, and to make him thus a guarantor and surety for that in the custody and possession of the parties whom he is suing therefor."

We agree with appellants that, they being the unsuccessful parties in the suit, and the judgment against them not being one for a certain sum of money to be made out of their property by execution, nor for property in their possession, they were not required, in order to suspend the execution of the judgment pending their appeal, to give a supersedeas bond in double the sum of money sued for, for the execution of such bond, in our opinion, would not make appellants liable for the safe-keeping of the funds involved pending the appeal, nor the guarantors of same for the benefit of appellees, but, as in the case of Waters-Pierce Oil Co. v. State, 107 Tex. 1, 106 S. W. 326, 330, and Yett v. Cook, 115 Tex. 175, 268 S. W. 715, 721, 281 S. W. 843, and Ætna Club v. Jackson (Tex. Civ. App.) 187 S. W. 971, and Lawler v. Wray (Tex. Civ. App.) 8 S.W.(2d) 524, where such are the facts, and the appellant desires to suspend a judgment pending appeal, he has the right to and is required to have the court fix the amount of the supersedeas bond and duly execute same.

Appellants in urging their contention that, because of the nature of the judgment and the facts involved, there arises an independent equity in their favor entitling them to an injunction to preserve the status quo of the subject-matter of the suit, pending the appeal, cite us to the case of Houston Oil Co. v. Village Mills Co., 109 Tex. 169, 202 S. W. 725, 226 S. W. 1075, and say that same is directly in point and sustains their contention. We do not believe that the cited case supports appellants, but to the contrary. In that case the plaintiff, Houston Oil Company, sued Village Mills Company for a certain league of land situated in Hardin county, and was successful and obtained judgment for the land. The defendant appealed. While the appeal was pending, the defeated party, Village Mills Company, was threatening to cut the timber from the land, and the Houston Oil Company applied for and secured an injunction restraining the appellant, Village Mills Company, from cutting the timber or interfering with the plaintiff Houston Oil Company's possession of the land pending the final decision of the suit for the land. Judge Phillips, in holding that the injunction was proper, said: "The facts stated were sufficient to create an independent equity in favor of the plaintiff entitling it to the aid of a court to prevent the property in controversy being rendered valueless to it through the acts of its adversary, regardless of the superiority of its rights if its judgment should be finally affirmed."

There is quite a difference in the facts in that case and the instant case. In the cited case the defeated party, while its appeal was pending, was about to invade the land for which its adversary had judgment, and was about to cut and remove the timber from the land in the face of an adverse judgment against it. The only remedy to prevent such invasion and destruction of the property that the successful party had was by injunction which arose out of the facts. Here the facts are just the opposite. The defendants were successful, and it was adjudged that the plaintiffs appellants take nothing by their suit. They appealed by cost bond. Pending the appeal, the clerk of the court is about to obey the order in the judgment and to pay to the successful parties the money in suit. The losing parties, appellants, procured a temporary injunction to prevent the paying out of the money, for the purpose of preserving the status quo of the property involved to await the final determination of the appeal. Under the statutes above quoted and the holding of the Supreme Court, appellants had the right to and could have suspended the execution of the judgment against them by giving a supersedeas bond as provided by law and thus have stayed the paying out of the money until the final determination of the case. Having a complete remedy at law, appellants were not entitled to injunction.

From what we have said, it follows that the temporary injunction heretofore granted should be dissolved, and it is so ordered.

Injunction dissolved.