### DUNLAP v. ROTGE et al.
### No. 9837.

Court of Civil Appeals of Texas. San Antonio.
July 31, 1935.

Rehearing Denied Aug. 28, 1935.

H. L. Faulk, of Brownsville, for appellant. .

Hornaday & Klein, of Harlingen, for appellees.

SMITH, Chief Justice.

The parties will be designated as plaintiff and defendants, as in the trial court.

Plaintiff brought this action for, and recovered, a money judgment and decree of foreclosure of a lien upon certain real property belonging to defendants, situated in Jim Wells county. From that judgment, defendants are prosecuting an appeal to this court, but have not sought to stay execution by filing supersedeas bond.

In this situation plaintiff procured issuance of execution, and order of sale, by virtue of which the sheriff levied upon and advertised the property for sale, as provided by law. Pending the advertised sale, however, defendants procured a temporary injunction, restraining the sale of the property for a period of ninety days, and the trial judge subsequently overruled plaintiff's motion to dissolve the injunction. From that order of refusal to dissolve, the plaintiff has appealed.

In this proceeding, for injunction, defendants do not question the regularity of the proceedings in the main suit, or of the judgment therein, or of the execution, order of sale, levy, or notice of sale. They simply allege they are financially unable to stay the sale by supersedeas bond, and, as grounds for the injunction, allege, as stated in plaintiff's brief:

"First. That they are earnestly making an effort to secure a loan to refinance the property and pay off the judgment rendered. * * *

"Second. That because the main suit No. 11,222 was on appeal, there would probably be no bidders at the sale and this fact would result in a · deficiency judgment which would be unfair and unjust to them. * * *

"Third. That because of the depressed condition of the country, the property, if sold, would not bring its true value, which would be unjust to Plaintiffs. * * *

"Fourth. That land included is near an oil field and that value of land is likely to increase and that they are attempting to lease the land at Ten Dollars ($10.00) per acre. * * *

"Fifth. That if the sale were held, it would not avail B. H. Dunlap to purchase the land because no attorney would pass the title pending appeal. * * *

"Sixth. That in order to do equity, the Plaintiffs were willing to pay the cost of publishing the notices of sale, if the injunctives were granted. * * *"

It is perfectly obvious that the reasons given afford no ground for the substitution of the writ of injunction for supersedeas bond, wherefore, the injunction was improvidently granted and should have been dissolved on plaintiff's motion. Articles 2268, 2270, 4645, R. S. 1925; 5 Tex. Jur. pp. 377, 391, §§ 269, 279; Spark v. Lasater (Tex. Civ. App.) 232 S. W. 346; Commonwealth Bank & Trust Co. v. MacDonnell (Tex. Civ. App.) 49 S.W.(2d) 525.

Defendants have filed a motion to dismiss the appeal, upon the contention that the order appealed from was one refusing to dissolve a temporary "restraining order," as distinguished from a temporary "injunction." The parties and the trial judge, in his orders, denominated the order in question as a "temporary restraining" order, but it was in fact and effect a temporary injunction granted in response to a prayer for an order restraining the sale in question for a period of 120 days, or, in the alternative, until this court has decided the appeal on the merits.

A temporary restraining order is one made pending a hearing of an application for injunction, and is operative only until the time set for such hearing. 24 Tex. Jur. p. 196, § 147. In this proceeding, which was for purely injunctive relief, the prayer for relief was fully and finally granted, out of hand and without notice, and no provision was made for a hearing thereon at any time. The whole, and obvious, object of the proceeding was to supersede and stay the judgment in the main case, by injunction in lieu of su-

persedeas bond, and the writ here complained of, granted without notice and with no provision for a hearing, was more than a mere temporary restraining order. It was an injunction, from which an appeal lay.

The nature of such an order determines its character, regardless of its technical classification by the parties. In this case the order had all the characteristics and effects of an injunction, and plaintiff's right of appeal therefrom may not be defeated by the device of erroneously labeling the order as a temporary "restraining" order. Defendants' motion to dismiss will be overruled.

The judgment appealed from will be reversed, the injunction dissolved, and the cause dismissed, at the cost of defendants.