### BRYAN v. LUHNING et al.
### Motion No. 11042.

Court of Civil Appeals of Texas. Galveston.
June 3, 1937.

Lane, Kilday, Maniscalco & McComb and Grady C. Fuller, all of Houston (G. N. Lusch, of Houston, of counsel), for appellant.

John L. Compton, of Houston, for appellees.

CODY, Justice.

D. F. Bryan, appellant, was one of the defendants to an action filed in county court at law No. 2, Harris county, by George B. Luhning and R. F. Baldwin. The other defendants were R. E. Harding and the Texas Breeders & Racing Association, a corporation. Bryan applied to this court, sitting in chambers at Houston, April 24, 1937, for a temporary injunction to restrain said defendants and the clerk of the county court from doing the acts hereinafter indicated. In his application Bryan alleged in substance:

That in the suit aforesaid, which was tried on special issues, plaintiffs were given judgment for title to a race horse named "Great Chance," and awarded a purse of $400, which had been won by the horse and deposited for the true owner of the horse in the registry of the court by the Texas Breeders & Racing Association. Various specified reversible errors were alleged to have been committed in the trial of the cause. And appellant, Bryan, alleged the ownership of the horse, and of the purse, to be in him. He alleged he had duly filed an appeal bond, that this court had jurisdiction over the case, and the record in the case would be filed in this court in due course. Also that he, Bryan, was financially unable to file a supersedeas bond, and thereby suspend execution of the judgment; and that plaintiffs in the cause—judgment creditors—would, unless the clerk of the county court be restrained from paying it over, obtain possession of the $400 purse and dissipate it; and were threatening also to take the horse beyond the jurisdiction of the court; that plaintiffs are insolvent, and unless an injunction were issued to preserve the status of the purse, and of the horse, and restrain plaintiffs from taking it beyond the jurisdiction, the appeal would be completely ineffectual, that appellant was without adequate legal remedy at law, etc.

In short, appellant, Bryan, asked in this cause for a temporary injunction, to have the same effect as though he had filed a supersedeas bond, so as to protect and preserve the jurisdiction of this court pending the appeal. A temporary restraining order to preserve the status quo as to purse and horse pending a hearing on the application for temporary injunction was granted, and appellees were ordered to show cause why the temporary injunction should not be granted.

On hearing the temporary injunction is refused, and the temporary restraining order, heretofore granted, is vacated effective upon the disposition of the motion for rehearing, if any.

It is the evident public policy of this state generally to require of appellants that they furnish appellees security against loss through unnecessary and unsuccessful appeals. An appeal bond is security against the costs of an unsuccessful appeal, the filing of which, however, does not suspend the judgment of the trial court so as to prevent execution from issuing. Article 2268, R.S.1925. If an appellant desires the execution suspended, he must file a supersedeas bond. Article 2270, R.S.1925. Upon the filing of a proper supersedeas bond, the execution shall be stayed. Article 2275, R.S. 1925. The right to suspend a judgment pending appeal applies to all judgments in civil cases, to those which are self-executing, as well as to those which require process. Houtchens v. Mercer, 119 Tex. 431, 29 S.W.(2d) 1031, 69 A.L.R. 1103. In brief, the Legislature has conferred a statutory right on the party obtaining judgment to have execution issued thereon pending appeal, unless and until the judgment debtor files a proper supersedeas bond. The fact that a judgment-debtor is financially unable to file such bond cannot destroy this statutory right.

The following cases hold that the right to file a supersedeas bond, and thus suspend a judgment pending appeal, is an adequate remedy at law, even though an appellant is financially unable to do so; Dunlap

v. Rotge (Tex.Civ.App.) 85 S.W.(2d) 650; Spark v. Lasater (Tex.Civ.App.) 232 S.W. 346. See, also, Cleveland v. Alpine Lumber Co. (Tex.Civ.App.) 70 S.W.(2d) 257; Dallas Bank & Trust Co. v. Thompson (Tex.Civ.App.) 78 S.W.(2d) 740.

The authorities cited by appellant do not, in our opinion, conflict with our holding.

Refused.