## ANDERSON v. PIONEER BUILDING & LOAN ASS'N.

### No. 2421.

Court of Civil Appeals of Texas. Waco.

May 1, 1941.

Rehearing Denied May 5, 1941.

John McGlasson, of Waco, for appellant.

Naman, Howell & Boswell, of Waco, for appellee.

TIREY, Justice.

 Appellant has filed in this court an original application for temporary writ of injunction to restrain the sheriff of McLennan county from executing an order of sale issued out of the 19th Judicial District Court of McLennan county on judgment entered in said court on February 12, 1941, in favor of appellee, Pioneer Building & Loan Association, against her, in the amount of $2,452.13, together with interest and all costs, and for foreclosure of lien on certain real estate in said judgment described. Said judgment aforesaid dissolved the temporary injunction theretofore granted in this cause in behalf of the appellant, and she has brought this appeal to this court by executing an affidavit of inability to pay costs, under the provisions of Art. 2266, Vernon's Annotated Civil Statutes. Appellant, in her bill, alleges substantially that the property involved is her homestead; that it is in bad condition and has deteriorated in value; that she has no means of income except her old age pension; that she is more than 66 years of age; and that she is helpless to prevent the sale of her homestead unless this court shall restrain the sale thereof by writ of injunction pending this appeal; that upon final hearing this court may find that there is some small amount due and owing to the appellee, and that her property may be taken from her for such small indebtedness; and that she cannot protect herself because of

the unjust and illegal demands and claims of the appellee. Appellant, in her bill, in nowise alleges that any new equities have arisen in her favor since the final judgment was entered in the trial court. It appears to us that the relief appellant is asking for has been foreclosed against her. The appellant is asking us to grant her relief which we are precluded from doing under the express provisions of Art. 2268, Vernon's Annotated Civil Statutes. Said statute provides: "The bond or affidavit in lieu thereof, provided in the three preceding articles, shall not have the effect to suspend the judgment, but execution shall issue thereon as if no such appeal or writ of error had been taken." This statute was construed adversely to appellant's contention in Spark v. Lasater, Tex.Civ.App., 232 S.W. 346. See, also, Dunlap v. Rotge, Tex.Civ.App., 85 S.W.2d 650; Vinson v. McPherson, Tex.Civ.App., 54 S.W.2d 829; Dallas Bank & Trust Co. v. Thompson, Tex.Civ.App., 78 S.W.2d 740; Cleveland v. Alpine Lumber Co., Tex.Civ.App., 70 S.W.2d 257; Bryan v. Luhning, Tex.Civ.App., 106 S.W.2d 403; 3 Tex.Jur. 373, sec. 264. Moreover, Art. 2270, Vernon's Annotated Civil Statutes, provides the way in which a judgment may be suspended. It is as follows: "An appellant or plaintiff in error, desiring to suspend the execution of the judgment may do so by giving a good and sufficient bond to be approved by the clerk, payable to appellee or defendant in error, in a sum at least double the amount of the judgment, interest and costs, conditioned that such appellant or plaintiff in error shall prosecute his appeal or writ of error with effect; and in case the judgment of the Supreme Court or the Court of Civil Appeals shall be against him, he shall perform its judgment, sentence or decree, and pay all such damages as said court may award against him." Article 2275, Vernon's Annotated Civil Statutes, provides as follows: "Upon the filing of a proper supersedeas bond, the appeal or writ of error shall be held to be perfected, and the execution of the judgment shall be stayed, and should execution have been issued thereon, the clerk shall forthwith issue a supersedeas." These articles of our statute have been repeatedly construed by our courts and they have uniformly been held to be mandatory and exclusive. In the case of Lee v. Broocks, 51 Tex.Civ.App. 344, 111 S.W. 778, writ refused, suit was brought to enjoin the sale of property under writ of execution. The temporary injunction was granted, and thereafter, on motion of defendant, dissolved. The plaintiff gave notice of appeal and prosecuted the same by filing an appeal bond. The court held that an order dissolving the injunction was not suspended by an appeal under a cost bond, but that if a supersedeas bond had been filed, the judgment of the court would have been suspended. The Commission of Appeals, in the case of Houtchens v. Mercer, 119 Tex. 431, 29 S.W.2d 1031, 69 A.L.R. 1103, cited the foregoing case with approval, and in an elaborate opinion discussed Articles 2249, 2270, and 2275, and substantially held that since the Legislature has provided a way for an appeal from all final judgments in civil cases, such provision is exclusive and that said judgment cannot be suspended or superseded except by a compliance with our statutes in such cases made and provided. See this case for collation of authorities. We think it is well settled "that the execution of a final judgment in every civil case appealed, pending the appeal, can be suspended only by the execution of a supersedeas bond by the appellant. There is no exception." Harrison v. Barngrover, Tex.Civ.App., 72 S.W.2d 967, 969. In the case of Madison v. Martinez, Tex.Civ.App., 42 S.W.2d 84, point 2, p. 86, relied upon by appellant, the court said: "It is clear that Courts of Civil Appeals have no original jurisdiction to grant writs of injunction, except to prevent the invasion of their jurisdiction over the subject-matter of a pending appeal, or to prevent an unlawful interference with the enforcement of their judgments and decrees. This court cannot grant a temporary writ of injunction for the purpose of preventing damages that would otherwise flow to a litigant who has a pending appeal in this court." This court, in the case of Moore v. McLennan County, 275 S.W. 478, 479, held: "The authority conferred upon this court by statute to grant writs of injunction is confined to cases in which such writ is necessary to enforce its jurisdiction." See Art. 1823, Vernon's Annotated Civil Statutes. Appellant's bill shows that the jurisdiction of this court has attached, and the transcript which she filed at the time the bill was presented shows that she prosecuted her appeal by filing an affidavit of inability to pay costs according to the provisions of Art. 2266, supra. Appellant has wholly failed to point out any independent equity in her favor that has arisen since the original judgment was entered against her in the trial court entitling her

to equitable relief to prevent the sale of the property under order of sale issued on the final judgment which adjudicated her rights. "Inability to give a bond presents no ground for the issuance of an injunction by an appellate court to protect its jurisdiction. If this were the case it is said that injunctions might take the place of superseadeas bonds on the affidavits of appellants that they were too poor to give bonds." 3 Tex.Jur. 391, sec. 279.

It therefore appears to us that inasmuch as appellant has a complete remedy at law, she is not entitled to the relief asked for in her application, and her bill for original injunction is denied.

HALE, J., took no part in the consideration and disposition of this application.