**W. T. GRAHAM, Appellant,**

**v.**

**THOMAS D. MURPHY COMPANY et al.,**
**Appellees.**

**No. 4518.**

Court of Civil Appeals of Texas,
Eastland.

Nov. 26, 1971.

Rehearing Denied Dec. 17, 1971.

---

Monning & Hazlewood, Jack Hazlewood, Amarillo, for appellant.

Robinson & Fotheringham, A. J. Robinson, Amarillo, for appellees.

McCLOUD, Chief Justice.

This suit involves a "Trial of Right of Property" pursuant to Rules 717–736, Texas Rules of Civil Procedure. Plaintiffs, Thomas D. Murphy Company, Johnston Testers, Inc., and P. P. G. Industries, Inc., had execution levied against a judgment debtor, Graham Plow, Inc. Defendant, W. T. Graham, the president of Graham Plow, Inc., made and presented his affidavit claiming that he owned the personal property levied upon. He also executed and delivered his bond, with two sureties, to the officer who made the levy. Plaintiffs obtained judgment in the trial court against W. T. Graham and his sureties, B. T. Graham and Walter Graham. W. T. Graham appeals. We affirm.

Trial was before the court without a jury. Findings of fact and conclusions of law were neither requested nor filed.

Appellant, W. T. Graham, contends that the undisputed evidence shows that he, individually, and not the corporation, Graham Plow, Inc., was the sole owner of the property in question. He also attacks the validity of the bond and says that the undisputed evidence shows that on the occasion of the posting of the bond the sheriff did not place him in possession of the property.

When findings of fact and conclusions of law are not requested or filed, the judgment of the trial court must be affirmed if it can be upheld on any legal theory that finds support in the evidence. Seaman v. Seaman, 425 S.W.2d 339 (Tex. Sup.1968).

We have examined the record and find some evidence of probative force to support the trial court's conclusion that appellant, W. T. Graham, was not the owner of the property in question. There is evidence that the property was used in the business of Graham Plow, Inc.; that appellant told employees the property was corporate property; that appellant, as president of Graham Plow, Inc., mortgaged the property along with corporate realty as security for a corporate debt; that on prior occasions when executions were levied against appellant personally, he told the officer he owned no property; and, the property was listed on corporate depreciation schedules. We overrule appellant's first point that the undisputed evidence shows that he owned the property.

Appellant also argues that the undisputed evidence shows that on the occasion of the posting of the bond the sheriff did not place him in possession of the property. We disagree.

The sheriff levied execution on the property in place since it was of great bulk and the evidence showed it could be moved only by large expense and effort. We think there is probative evidence to support the implied finding by the trial court that after the affidavit and bond was presented the sheriff lifted his levy of execution and delivered the property to appellant. The sheriff testified that while in the presence of appellant, on the premises where the property was located, he turned the property back to appellant.

We have considered all of appellant's points of error and all are overruled. The judgment is affirmed.