Walter GRAHAM, Appellant,

v.

THOMAS D. MURPHY CO. et al., Appellees.

No. 8335.

Court of Civil Appeals of Texas, Amarillo.

June 25, 1973.

Rehearing Denied July 30, 1973.

**640**

C. J. Humphrey, Amarillo, for appellant.

Robinson, Fotheringham & Simpson, A. J. Robinson, Amarillo, for appellees.

JOY, Justice.

This is an action to quash writ of execution and to restrain and enjoin the levy thereon. In a hearing before the court, the motion to quash was overruled and the injunction refused. Walter Graham, the movant, has appealed. Affirmed.

The three appellees, Thomas D. Murphy Company, Johnston Testers and PPG Industries, Inc., secured judgments against Graham Plow Company in separate causes in the amounts of $6,006.93, $1,657.16 and $1,239.39, respectively, all bearing interest at 6% per annum from the dates of the judgments. After securing the judgments, the three companies (hereinafter called plaintiffs) secured writs of execution on personal property belonging to Graham Plow Company. Prior to the sale of the personalty, W. T. Graham filed suit in trial of right of property claiming the personalty was owned by him and not Graham Plow Company. W. T. Graham, as principal, and Walter Graham, as one of the two sureties, filed a bond in the amount of $32,000.00 in order to take possession of the personalty levied upon. On the same date, M. T. Johnson, not a party to any of the suits, purchased at a federal tax foreclosure sale the tract of land upon which the personalty was located and notified W. T. Graham of his desire to have the personalty removed from the land, and, if not removed, that a storage fee of $100.00 per day would be charged against the personalty.

In the trial in right of property suit on May 28, 1971, a judgment was entered decreeing title of the personalty in Graham Plow Company. Thus, W. T. Graham and the sureties became liable under the terms of the bond as limited by the original judgments of the plaintiffs. The record contains no evidence that a supersedeas bond was filed in the cause in order to stay execution. Upon appeal, the court affirmed the trial court's judgment, 474 S.W.2d 251 (Tex.Civ.App.—Eastland 1971) and the Supreme Court refused the application for writ, n. r. e., on March 22, 1972. On November 23, 1971, after the trial court's judgment and prior to the Supreme Court's final action on March 22, 1972, the personalty was sold under execution issued out of the original suits to one of the plaintiffs for $22.00.

On April 11, 1972, plaintiffs caused execution to issue in the right of property suit upon two sections of land owned by the surety Walter Graham. Walter Graham then filed his motion to quash execution and to enjoin future action thereunder alleging that the May 28, 1971 judgment had been fully satisfied by the sale of the personalty under execution of the prior original judgments. The attorneys for both parties entered into an agreement that execution be withdrawn upon the deposit of $12,000.00 into the registry of the court. Upon a hearing had on June 2, 1972, the trial court ruled that the original judgments had not been satisfied and awarded plaintiffs a judgment in the amount of the three original suits plus interest at 6% per annum from their judgment dates. The

return on the execution sale of November 23, 1971 was filed in court on June 2, 1972, the date of hearing.

■ Upon filing the right of property suit, W. T. Graham filed a claimant's bond in the amount double the estimated value of the personalty as provided by Rule 718.[1] The rule provides that upon delivery of the property to claimant it shall be deemed in custodia legis and not removed from his possession "by any other like writ or writs." Rule 719 provides:

"The bond shall be conditioned that the party making such claim in case he fails to establish his right to such property, shall return the same to the officer making the levy, or his successor, in as good condition as he received it, and shall also pay the reasonable value of the use, hire, increase and fruits thereof from the date of said bond, or, in case he fails so to return said property and pay for the use of the same, that he shall pay the plaintiff the value of said property, with legal interest thereon from the date of the bond, and shall also pay all damages and costs that may be awarded against him."

Rule 734 provides:

"If, within ten days from the rendition of said judgment, the claimant shall return such property in as good condition as he received it, and pay for the use of the same together with the damages and costs, such delivery and payment shall operate as a satisfaction of such judgment."

Upon the trial of the right of property the lower court entered judgment on May 28, 1971, decreeing ownership of the property in Graham Plow Company, and the claimant and principal on the bond did not tender the property within the 10 day period following the entry of judgment, nor was a supersedeas bond furnished to stay execution. Appellant's contention that he had 10 days from final action on appeal, as opposed to 10 days from entry of judgment in the trial court, is the critical point for our determination. The statutory provision in Rule 627 in reference to executions on ordinary judgments, whereby 20 days must expire from date of entry of judgment before execution may issue, is inapplicable in right of property suits in view of the special provision in Rule 733. The judgment of a trial court is final in the sense that execution may issue in the absence of a supersedeas bond, even though appeal is taken from the judgment. Bryan v. Luhning, 106 S.W.2d 403 (Tex.Civ.App.—Galveston 1937, no writ). In order to avoid the requirement of returning the property within 10 days after entry of judgment against a claimant in a right of property suit, the claimant must file a supersedeas bond. There being no evidence in this record of the filing of a supersedeas bond and claimant having failed to return the property within the 10 days of judgment entry, the judgment creditors were not inhibited from executing on the personalty on the May 28, 1971 judgment.

■ Appellant's contention by his third point of error that plaintiffs were permitted a double recovery is untenable. Upon W. T. Graham's failure to establish his right to the personalty in the trial of property suit the plaintiffs were entitled to execute upon any property owned by Graham Plow Company. The personalty was sold, in accordance with the sheriff's return, for the amount of $22.00, which was applied against the sheriff's costs and court costs. There is no evidence of any excess above the amount applied to costs; therefore, no credit was given in satisfaction or partial satisfaction of the judgments. The trial court was correct.

We do not consider appellant's point three because of his failure to brief same.

---

1. All rules referred to are Texas Rules of Civil Procedure.

Appellant's point four, wherein he complains of the trial court's failure to grant a motion to reform its judgment is overruled for the reason that the record does not reflect that the motion was brought to the attention of the court nor a request for a hearing made thereon.

The judgment of the trial court is affirmed.