Ex parte Edwin C. BONIFACE, Relator.

No. 13889.

Court of Appeals of Texas,
Austin.

Feb. 16, 1983.

Jack W. Jones, Jr., Law Offices of Don Busby, Temple, for relator.

Randall C. Simmon, Cuba, Simmon & Mayfield, Temple, for respondent.

Before SHANNON, POWERS and GAM-MAGE, JJ.

GAMMAGE, Justice.

On May 26, 1982, the 169th District Court in Bell County, Texas entered judgment partitioning the Civil Service Retirement benefits earned during the marriage of relator, Edwin C. Boniface, and his former wife, Marjorie N. Boniface. As a part of that judgment, the trial court ordered relator to pay Mrs. Boniface, from the date of the judgment, a portion of the retirement benefits as they were received by relator.

Relator timely perfected his appeal by filing a cost bond and that appeal is now pending before this Court as No. 13,776.

Relator now seeks habeas corpus relief from a contempt and commitment order of the trial court, made and entered after hearing held December 22, 1982. Relator admitted in the contempt hearing that, since the order of May 26, 1982, he had received monthly retirement benefits but had not paid any portion of such benefits to Mrs. Boniface. The trial court's order assessed a penalty of a $500.00 fine and confinement in the county jail of Bell County, Texas, for a period of ten days, or until relator purged himself of contempt by paying the arrearage and fine.

Relator made application to this Court for writ of habeas corpus, and this Court directed issuance of the writ and ordered release of relator upon his posting of bond.

Relator's single point of error contends that the trial court's order of contempt is void because that court was without jurisdiction to enter such an order during the pendency of the appeal. In response, Mrs. Boniface argues that the trial court did retain jurisdiction to hold relator in contempt of its order, because the appeal was perfected by cost bond only and relator failed to protect Mrs. Boniface by filing and maintaining a valid supersedeas bond.

Texas R.Civ.P.Ann. 357 and 368 (1967) provide that a trial court's judgment is not suspended by a cost bond but that the judgment is stayed by the posting of a supersedeas bond. As provided by these rules, a judgment that is not suspended may be enforced through execution. The term "execution" applies to all process issued to carry into effect the final judgment of a court. *Pierson v. Hammond,* 22 Tex. 585 (Tex.1858); *Durham v. Scrivener,* 228 S.W. 282 (Tex.Civ.App.1920, no writ).

This distinction between a cost bond and a supersedeas bond has been found to be the basis of the appellate courts' ability to grant relief. *Cleveland v. Alpine Lumber Co.,* 70 S.W.2d 257 (Tex.Civ.App.1934, no writ). In *Cleveland,* the Court noted that when an appeal has been effected only by cost bond the appellate court is without power to restrain the trial court from enforcing its judgment. *See also Ex parte Allen,* 477 S.W.2d 297 (Tex.Civ.App.1972, no writ); 13 Tex.Jur.3d Contempt, § 16 (1981).

Relator contends that the nature of the bond filed is irrelevant. However, the cases relied on by relator, with one exception, all deal with temporary injunctions rather than final judgments. The single exception, *Valerio v. Laughlin*, 307 S.W.2d 352 (Tex.Civ. App.1957, no writ), itself relies in dictum entirely upon temporary injunction cases, and no action was taken by the appellate court due to the subsequent filing of supersedeas bonds by the affected parties.

In *Ex parte Travis*, 123 Tex. 480, 73 S.W.2d 487 (Tex.1934), characterized as a landmark decision by relator, the Supreme Court held that when a temporary injunction is appealed by notice and cost bond the trial court loses its power in respect to those things which might "trench" upon the appellate court functions. In such a situation only the appellate court may compel obedience to the injunction.

Indeed, this Court has the power to issue writs necessary to enforce its jurisdiction. Tex.Rev.Civ.Stat.Ann. art. 1823 (1964). In cases of temporary injunctions, were this Court unable to issue writs to protect its jurisdiction, the destruction of the subject matter might well render the appeal moot before this Court had an opportunity to decide the questions raised. *See Valley v. Patterson*, 614 S.W.2d 867 (Tex.Civ.App. 1981, no writ). Because temporary injunctions are inherently different from final judgments from which appeals are taken via cost bond, relator's argument is unpersuasive.

Relator contends that *Ex parte Preston*, 162 Tex. 379, 347 S.W.2d 938 (Tex.1961), is not on point because the trial court had made its contempt finding prior to entry of final judgment and the perfection of the appeal. Relator argues that the contempt order would have been void for lack of jurisdiction of the trial court if it had been entered after the appeal was perfected. This is not the holding of *Preston*. In fact, the Supreme Court specifically states:

> The fact that the case is on appeal without any showing of a supersedeas bond would, if anything, make it more imperative that the rights of [the party not in possession of the property] be protected in this manner [by contempt]. [citations omitted]

347 S.W.2d at 943.

■ We therefore hold that the order adjudging relator in contempt of court and ordering a fine of $500.00 and confinement in the county jail of Bell County, Texas for a period of ten days or until he makes payment is valid. Accordingly, relief is denied and we remand relator to the custody of the sheriff of Bell County, Texas.